THE UNCAS PAPER COMPANY *vs.* MARIA A. CORBIN ET AL.
(H. H. CORBIN AND SON).

Second Judicial District, Norwich, April Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Material averments of a sworn application to correct a finding, should be denied—if any denial is intended—at least before the argument of the cause begins, although the seven days ordinarily to be allowed under the rule (Rules of Court, Ed. of 1899, p. 95, § 14) has not then elapsed.

The plaintiff alleged that it was the actual, *bona fide* owner of the claim in suit, by virtue of a written assignment executed and delivered to it (describing the instrument). *Held* that while a general denial of such paragraph admitted the due execution and delivery of the writing, it put in issue the plaintiff's right to sue as the actual and *bona fide* owner of the claim.

To establish such right the assignee must show that he owns the claim in his own right and for his own benefit, without accountability.

An order of the trial court setting aside a verdict as against evidence is entitled to great weight, and all reasonable presumptions are to be made in its support. This is especially true where, as in the present case, the order was promptly made by the court of its own motion.

The evidence briefly reviewed and the action of the lower court in set-
ting aside the verdict sustained.

Under our practice the acceptance of a verdict is little more than a
formal prerequisite to the discharge of the jury from further consid-
eration of the cause, and does not imply that the verdict is approved
by the court as a proper determination of the issues tried.

Whether motions to set aside a verdict as against evidence fall within
the rule which requires motions in arrest to be filed within twenty-
four hours after the verdict is rendered, *quære.* If so, the trial
court has discretionary power to entertain them, although filed
later.

Argued April 28th—decided June 10th, 1903.

ACTION for goods sold, by an assignee of the claim, brought
to the Superior Court for New London County and tried to
the jury before *Case, J.;* from an order setting aside, as
against evidence, a verdict in its favor, the plaintiff appealed.
*No error.*

Paragraph 1 of the complaint was as follows : " The plain-
tiff is the actual *bona fide* owner of the debt, claim and chose
in action hereinafter set forth, by a written assignment made
and executed to it on February 18th, 1901, by Cornell &
Ward, a partnership composed of R. R. Cornell and Theodore
H. Ward."

This paragraph was denied in the answer.

There was an application to rectify the appeal, by an ad-
dition to the finding to the effect that the plaintiff requested
the court to rule and to instruct the jury that the defendants
by not having denied specially in their answer the right of
the plaintiff to sue as an assignee of the claim of Cornell &
Ward, but by filing an answer and counterclaim and going
to trial on the merits, had waived any question as to the
capacity or right of the plaintiff to sue as assignee of the
claim. This application was filed on April 22d, and sup-
ported by affidavit agreeably to the Rules of the Supreme
Court of Errors, p. 95, § 14. The appeal had been taken to
the April term of this court which opened on April 28th,
and the case was reached and argued on that day.

*Lucius Brown* and *Amos A. Browning,* for the appellant
(plaintiff).

*Cornelius J. Danaher*, for appellees (defendants).

BALDWIN, J. The verdict was set aside, as against evidence, on the ground that the jury clearly mistook the law in finding that the plaintiff ever became the equitable and *bona fide* owner of the claim in suit. In the application to rectify the appeal, which was supported by the affidavit of counsel, it is averred that the appellant asked the trial court to rule that this question was not open under the pleadings. This averment has not been denied, and although the seven days ordinarily to be allowed under the Rules of Court, p. 95, § 14, had not elapsed when the case was called for argument, we think that if it was intended to deny it, this should have been done at latest before the argument was commenced. See *State* v. *Hunter*, 73 Conn. 435, 445. We therefore grant the application, and shall treat the appeal as if one of the grounds on which it is based had been the refusal of the Superior Court to make the ruling requested.

There was no error in such refusal. The general denial of paragraph 1, while, under the rule, it admitted the due execution and delivery of the written assignment, put in issue the right of the plaintiff to sue as the actual and *bona fide* owner of the claim assigned. *Woronieki* v. *Pariskiego*, 74 Conn. 224, 226.

Under the statutes of this State, the assignee of a nonnegotiable chose in action cannot sue in his own name without showing that he is its owner in his own right and for his own benefit, without accountability. *Gaffney* v. *Tammany*, 72 Conn. 701. The Superior Court set aside the verdict because it was of opinion that, in view of the evidence presented and of the evidence not presented, the jury must have mistaken the law upon this point. Great weight is due to this ruling of the trial judge, and all reasonable presumptions are to be made in its support. *Loomis* v. *Perkins*, 70 Conn. 444, 446, 447. His dissatisfaction with the verdict was shown immediately upon its return and acceptance, when, unasked, he directed the clerk not to enter judgment upon it until further order. Its acceptance was, under our practice, little

but a formal prerequisite to a discharge of the jury from the further consideration of the cause, and did not imply that it was acceptable to the court as a proper determination of the issues tried. *Bissell* v. *Dickerson*, 64 Conn. 61, 71. When a motion to set aside a verdict as against evidence is held under advisement for a long period of time and then granted, the presumption in favor of the order is greatly weakened or destroyed. *Lewis* v. *Healy*, 73 Conn. 136. For a similar reason, the presumption in favor of such an order is greatly strengthened when the action of the court is prompt, and taken originally of its own motion.

The power of a trial judge over the verdict is an essential part of the jury system. *Burr* v. *Harty*, 75 Conn. 127. If he sets it aside as against the evidence, it is to be presumed that he felt that course to be imperatively demanded by the interests of justice. Here was a suit brought by an assignee in a county where his assignors could not have brought it. It was brought on an assignment only three days old, and by a firm of lawyers, one of whom—according to testimony that was uncontradicted and apparently, if untrue, might have been contradicted—had shortly before threatened the defendants that if they did not pay the bill, it would be assigned in such a way as to give jurisdiction to the courts of that county. A claim for $960, arising from a resale of goods bought by the assignors of the assignee, was sold for $100, and both this sum and the difference between it and $960 was, according to evidence given by one of the assignors, credited upon their books to the assignee. No explanation of the reason for the latter credit was made, and it is difficult to imagine one. The books were not produced to verify it. The officer who made the purchase for the plaintiff was not produced.

We cannot say that upon such a state of evidence the Superior Court erred in setting aside the verdict rendered. *Howe* v. *Raymond*, 74 Conn. 68.

The motion to set it aside was not filed within twenty-four hours after its acceptance. Whether the rule of court requiring motions in arrest to be filed within that period,

governs motions to set aside a verdict, we need not inquire. Rules of Court, p. 37, § 113; General Statutes, Rev. 1902, § 805; *Hamilton* v. *Pease,* 38 Conn. 115, 120. If it does, the trial court has a discretionary power to entertain them, although filed later. *Tomlinson* v. *Derby,* 41 Conn. 268, 270. In the present case, also, judgment was stayed or arrested within the twenty-four hours by the order of the court, made *sua sponte.*

There is no error.

In this opinion the other judges concurred.