ISABELLA V. SHAILER *vs.* CHARLES BULLOCK.

Third Judicial District, Bridgeport, April Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In an action for bastardy, the child whose paternity is in dispute is admissible in evidence to show a resemblance between it and the defendant, its alleged father.

In such an action it is not essential to the plaintiff's recovery that she should have been constant in her declarations that the defendant was the father of her child, nor that she should have made such declaration during her travail.

In the present case the trial judge, in the fore part of his charge, instructed the jury in conformity with the foregoing rule, but at its close told them that unless the plaintiff had proved this constancy of declaration, and its repetition in the time of her travail, their verdict must be for the defendant. *Held* that it could not be said that this incorrect statement, formally and carefully made as the last word of the charge, was harmless to the plaintiff because of the earlier and correct instruction.

A charge made up mainly of written and conflicting requests submitted by the contending parties, without any enlightening comment upon or reference to the conflict between them, is hopelessly inadequate and furnishes no real guidance for the jury in its deliberations.

The cross-examination of a witness for the purpose of attacking his credit should be confined to such acts of misconduct as affect his character for veracity.

It is within the discretion of the trial court to fix a date, anterior to which such cross-examination may not extend; and while such limitation must be reasonable, the discretion is of necessity a wide

one, and its exercise will be reviewed only when it clearly appears to have been abused.

Argued April 18th—decided June 9th, 1905.

COMPLAINT for bastardy, brought to the Town Court of Milford and thence, by a binding-over of the defendant, to the Court of Common Pleas in New Haven County, and tried to the jury before *Bishop, J. ;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial granted.*

*Stiles Judson* and *Omar W. Platt*, for the appellant (plaintiff).

*Jacob P. Goodhart* and *James A. Marr*, for the appellee (defendant).

TORRANCE, C. J.   On the trial of this case the plaintiff offered the child, whose paternity was in dispute, in evidence, to show a resemblance of feature between it and the defendant.   The child was about ten months old.   The court ruled that the child could not be exhibited to the jury for such purpose.   This ruling was not based on the fact that no such resemblance existed, but apparently upon the sole ground that resemblance in such cases was not of probative value.

In so ruling the court erred.   Although the decisions upon this subject in the State courts are not in entire harmony, it is certainly the prevailing general rule in such courts, based, we think, upon good grounds, that such evidence is of probative value, and is admissible for what it may be worth, in proof of paternity, in cases like the one at bar.   See the cases upon this subject cited in notes under §§ 166 and 1154 of Wigmore on Ev. (Vols. 1, 2).

The plaintiff claimed to have proved that she had been constant in her declaration that the defendant was the father of her child ; and had " declared to the attending physician during her travail that the defendant was the

father of said child." The evidence for the defendant tended to prove that she had made no such declaration during the time of her travail. Upon this subject the court, in the fore part of its charge, told the jury that it was not necessary for them to find, in order to render a verdict in the plaintiff's favor, that she had been constant in her declarations that the defendant was the father of her child, nor that she had made such declaration during her travail; and this was correct. *Booth* v. *Hart*, 43 Conn. 480; *Robbins* v. *Smith*, 47 id. 182. At the very close of the charge, however, the court said this to the jury: "As already stated, gentlemen, the burden of proof in this case as in all civil cases is on the plaintiff. If she proves by a fair preponderance of evidence admitted at this trial all the material allegations of her complaint, that is, that she is a single unmarried woman, that she gave birth to a male child on the 15th day of September, 1903, that said child was begotten on her body at the house of the defendant by the defendant on the 13th of January, 1903, and that the plaintiff has been constant in her declarations, and made such declarations while in the pains of childbirth, then your verdict should be for the plaintiff. On the other hand, if you find from all the evidence admitted on the trial that the plaintiff has failed to prove any one of these allegations by a fair preponderance of evidence, your verdict should be for the defendant." The fact that the plaintiff had declared in her travail that the defendant was the father of her child, and that she had remained constant in her declarations as to its paternity, were thus in effect erroneously made material facts in the case, and the jury were emphatically told that unless they found them to be true their verdict must be for the defendant. The defendant says this part of the charge cannot have misled the jury to the plaintiff's harm, because the court had previously charged correctly upon this point. We cannot take this view of the matter. This part of the charge came as the very last word of the court to the jury. It was a formal,

and it must have appeared to the jury a carefully made and full, statement of the essential facts which they must find proven before they could render a verdict for the plaintiff. Upon the record in this case we think that the incorrect statement of the law, in the last words of the charge, was not cured by the correct statement of it in the fore part of the charge. *Smith* v. *King*, 62 Conn. 515, 525.

We also think that the charge as a whole, for the reasons hereinafter stated, was so inadequate that it furnished no real guidance to the jury in its deliberations. Both sides filed numerous written requests to charge, many of which on each side related to mere matters of fact, and most of which on one side were in conflict with those of the other, in their statements both of fact and of law. As a part of its charge, and by much the larger part of it, the court read impartially to the jury, first the written requests of the plaintiff, and then those of the defendant; and with few exceptions it read them just as they were written, and it apparently charged these conflicting requests, without any adequate comment or reference to the conflict between them, as the law of the case by which the jury were to be guided.

The result of such a reprehensible practice was a charge needlessly long and utterly inadequate for the guidance of the jury in their deliberations. For the two errors hereinbefore considered, and for the character of the charge as a whole, we are of opinion that a new trial in this case must be ordered.

In view of the result thus reached we deem it unnecessary to consider any of the other errors assigned, save one relating to the cross-examination of the defendant as to credit. Upon his direct examination the defendant testified in substance that he was a clergyman and had been in charge of a church in Stratford in this State for the past four years; and that before coming to Stratford he had been engaged in ministerial and educational work at divers places outside of this State. Upon his cross-examination he was asked the following questions in substance, among others: Were you dismissed from

Unity Church, Detroit, "by reason of charges?" Were you dismissed from the Y. M. C. A. at Fremont, Ohio? While engaged in evangelistic work in Chicago were you tried before two members of the Bible Institute "relative to charges of immoral relations" with a church member? Were your services in the Y. M. C. A. at Evanston discontinued by the trustees? Under what circumstances did you discontinue your services at Elkhart, Indiana? Did you leave ministerial work in Berea, Kentucky "under unusual circumstances?" A few other questions of like nature with the foregoing were also asked. As we understand the record, the court ruled that the cross-examination of the defendant as to credit should be confined strictly to the four-year period of his residence in this State, and that his character and conduct outside of that period could not be inquired into. The court said: "I shall exclude all matters remote in their character; and I mean by 'remote in their character' anything prior to his residence in the State of Connecticut." The court, against the objection of the defendant, allowed the questions to be put and permitted the defendant to answer them, and then, under the above ruling and against the objection of the plaintiff, ordered the questions and answers to be stricken out; thus, in effect, though in a roundabout way, enforcing its ruling that the cross-examination of the defendant as to credit should be confined strictly to a comparatively short period of his life; and of this action of the court the plaintiff complains.

The credit of a witness may be attacked in at least three ways: (1) by evidence of his reputation for untruthfulness; (2) under the statute (§ 677) by record evidence of his conviction of certain crimes; and (3) by cross-examination of the witness. *Dore* v. *Babcock*, 74 Conn. 425, 429. Under this last mode of attack, in this State and in most jurisdictions, particular acts of misconduct on the part of the witness may be shown by his cross-examination, although extrinsic evidence of such acts will not be received. *Dore* v. *Babcock*, 74 Conn. 425; *Spiro* v. *Nitkin*, 72 Conn. 202; 2 Wigmore on Ev., §§ 979, 981. Whether the acts of miscon-

duct shown by the cross-examination of the witness may be such as indicate bad moral character in general, or whether they must be such as indicate a lack of veracity in the witness, is a question upon which the courts are not agreed; 2 Wigmore on Ev., § 982; but in this State, in the case of witnesses, the rule is that the particular acts shown on the cross-examination must be such as indicate a lack of veracity. *State* v. *Randolph*, 24 Conn. 363; *Spiro* v. *Nitkin*, 72 Conn. 202; *Dore* v. *Babcock*, 74 Conn. 425; *Smith* v. *Brockett*, 69 Conn. 492, 499. . Whether this mode of attack upon the credit of a witness should be allowed at all, and if allowed whether it should be at the discretion of the trial court, or merely at the unlimited discretion of the cross-examiner, are questions of policy, upon which the courts are not agreed. Some few courts, perhaps wisely, prohibit it altogether; others allow it to be used substantially at the discretion of the cross-examiner; while the rule in most jurisdictions is that it may be used subject to the discretion of the trial court; 2 Wigmore on Ev., § 983; and this last is the rule in this State. *Spiro* v. *Nitkin*, 72 Conn. 202; *State* v. *Ferguson*, 71 Conn. 227, 232. Furthermore, in this mode of impeaching the credit of a witness, it is well settled that if the witness denies the particular acts of misconduct affecting his character for veracity, about which he is asked, that is the end of the matter, and such acts cannot be proved by extrinsic evidence. 2 Wigmore on Ev. § 981; 3 Taylor on Ev. (Chamberlayne's notes), § 1438.

In this case the plaintiff had the right to cross-examine the defendant as to credit, and, subject to the discretion of the court, was at liberty to show thereby any acts of misconduct on the part of the defendant which affected his character for truthfulness; but most of the foregoing questions, put in the exercise of such right, might have been, and should have been, properly excluded, because, if proved or admitted, they had no legitimate tendency to affect his character for truthfulness. *Dore* v. *Babcock*, 74 Conn. 425; 2 Wigmore on Ev., § 982.

It was within the discretion of the trial court to limit the

time beyond which the cross-examination of the defendant as to credit should not go ; but whether, under the circumstances of this case, the limitation as to time which the court imposed upon the plaintiff was a reasonable one may well admit of doubt ; we incline to think it was not. The discretion vested in the trial court as to the limits of cross-examination as to credit, is of necessity a very wide one, and should be interfered with only in cases where it has been clearly abused. Should there be a retrial of this case we think we have here said enough to guide the trial court in the exercise of its discretionary power over the right to cross-examine witnesses as to credit.

There is error and a new trial is granted.

In this opinion the other judges concurred.