BERTHA A. HIGLEY *vs.* JOHN BOSTICK.

First Judicial District, Hartford, May Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and CASE, Js.

The credit to be given to a witness is a matter for the determination of the jury, whose conclusion is reviewable on appeal only when it is apparent that they have misapplied or overlooked, or given wrong or improper effect to, some test or consideration which it was their legal duty to regard in reaching their verdict.

While the jury may properly look for corroboration of the testimony of the complainant in an action for bastardy, such corroboration may come as effectually from supporting facts and circumstances as from the mouth of a witness testifying directly to the fact sought to be proved; and therefore may be found in the resemblance of the child to its putative father.

Argued May 2d—decided June 4th, 1906.

ACTION charging the defendant with being the father of
the plaintiff's bastard child, brought before a justice of the
peace and thence, by a binding-over order, to the Court of
Common Pleas in Hartford County and tried to the jury
before *Coats, J.;* verdict and judgment of guilty, and ap-
peal by the defendant from the refusal of the trial judge to
set aside the verdict as against the evidence. *No error.*

*Joseph L. Barbour*, for the appellant (defendant).

*Hugh M. Alcorn*, for the appellee (plaintiff).

CASE, J.   It is unnecessary to review at length the com-
plainant's story as related to the jury.   If they believed
her, it confessedly warranted the conclusion voiced by their
verdict.   Whether they were justified in believing her de-
pended upon a variety of tests and considerations within
their province to apply and weigh, and their conclusion in
this respect becomes reviewable only when it is apparent
that they have misapplied or overlooked, or given wrong
or improper effect to, some test or consideration which it
was their duty to regard.   The only apparent ground for
the defendant's contention that the verdict was manifestly
against the weight of evidence, lies in his claim that the
plaintiff's testimony is inherently weak and unreliable, and
that it stands uncorroborated.

This contention suggests, as its possible basis, a mistaken
view of the nature of that supporting evidence which triers
are properly expected to look for in cases of this character.
This may come as effectively from supporting facts and
circumstances as from the mouth of a witness giving direct
testimony to the fact sought to be substantiated.   An ex-
amination of the record before us discloses material which,
upon a construction quite within the jury's field to deter-
mine, is amply corroborative of the plaintiff's story.   As a
single instance of this it appears that the child whose pa-
ternity was in question, then nearly a year old, was ex-
hibited to the jury for the avowed purpose of showing its

claimed resemblance to the defendant.　We are of course unable to say what weight this had with the jury, or how far it may have properly tended to support the mother's claim.　We are equally unable to determine its bearing upon the subsequent action of the trial judge.　It was pertinent evidence.　*Shailer* v. *Bullock*, 78 Conn. 65, 61 Atl. 65.　In legal effect it may have been of ultimately controlling importance.

The case presents no exceptional features which remove it from the strict operation of the familiar principles governing our action upon appeals of this character.　These have been stated and discussed in a long line of cases presenting the different conditions under which this court is asked to review the action of trial judges in dealing with the verdicts of juries in their own courts.　*Bissell* v. *Dickerson*, 64 Conn. 61, 29 Atl. 226; *Chatfield* v. *Bunnell*, 69 Conn. 511, 37 Atl. 1074; *Loomis* v. *Perkins*, 70 Conn. 444, 39 Atl. 797; *Howe* v. *Raymond*, 74 Conn. 68, 49 Atl. 854; *Burr* v. *Harty*, 75 Conn. 127, 52 Atl. 724; *Uncas Paper Co.* v. *Corbin*, 75 Conn. 675, 55 Atl. 165; *Fell* v. *Hancock M. L. I. Co.*, 76 Conn. 494, 57 Atl. 175; *Birdseye's Appeal*, 77 Conn. 623, 60 Atl. 111.

Properly applied to this case, the rule which these decisions clearly announce does not warrant us in disturbing the refusal of the trial court to set aside the verdict of the jury.

There is no error.

In this opinion the other judges concurred.