## ADA FOUST *vs.* DAVID MAY.

First Judicial District, Hartford, October Term, 1922.
WHEELER, C. J., BEACH, BURPEE, KEELER and HINMAN, Js.

The refusal of the trial court to set aside a verdict for the plaintiff in bastardy proceedings, reviewed and sustained.

The plaintiff having testified that she left home because of her pregnancy, the defendant offered to prove that the plaintiff's father had, in her presence, complained of her inattention to the housework. *Held* that the exclusion of this testimony as too remote, was proper, as it raised a collateral issue and the evidence was indirect; and furthermore, that the ruling was entirely cured by the positive and direct testimony of the plaintiff's father, when afterward called as a witness for the defendant, to the effect that plaintiff had not done as he, her father, wanted her to in the house, and that he finally told her she must do differently or leave, and that ·that was why she left home.

It is the duty of counsel to be diligent in observing the rule (Practice Book, 1908, p. 267, § 5) as to the preparation of the finding touching rulings upon evidence, and to set forth therein any other evidence admitted when relevant to the admissibility or materiality of the evidence in question.

A trial court has discretionary power to fix a date anterior to which a cross-examination, for the purpose of discrediting a witness by prior inconsistent statements, may not extend.

Evidence tending to prove the unchastity of a plaintiff in bastardy proceedings, at a period six years or more before the birth of the child, and when the plaintiff was only thirteen or fourteen years old, presents a collateral issue and may be excluded by the trial court as too remote, in the exercise of its judicial discretion.

Argued October 5th—decided November 27th, 1922.

BASTARDY PROCEEDINGS, brought by appeal of the plaintiff from a judgment of a justice of the peace to the Court of Common Pleas in Hartford County and tried to the jury before *Dickenson, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

*Henry H. Hunt* and *George W. Crawford,* for the appellant (defendant).

*Henry J. Calnen,* with whom was *Nathan A. Schatz,* for the appellee (plaintiff).

BEACH, J.   Examination of the evidence shows that the court did not err in refusing to set aside the verdict. The plaintiff's direct and positive testimony as to the paternity of. the child was substantiated by several witnesses who testified to her constancy in attributing her pregnancy to the defendant, and the infant was exhibited to the jury who had an opportunity of observing its alleged resemblance to the defendant.   There is nothing in the defendant's denials, or the conflicting testimony of physicians as to whether or not the plaintiff was afflicted with a venereal disease during the pregnancy, which requires us to hold that the jury could not reasonably have found the defendant guilty.

The plaintiff having testified that she left home because of her pregnancy, the defendant offered to prove, first by the defendant and then by another witness, that the plaintiff's father had, in her presence, complained of her inattention to the housework.   This testimony was claimed as tending to rebut the plaintiff's statement that she left home because of her pregnancy.   It was excluded as too remote, and we think rightly, for the issue was a collateral one and the evidence offered was indirect.   But however that may be, a perusal of all the evidence, which the defendant has invited us to examine on his appeal from the refusal to set aside the verdict, discloses the fact that the plaintiff's father, being afterward called as a witness for the defendant, testified, without objection, that he knew why she left home, and that it was "because she didn't do as I wanted her to in the house and take care of the house right and she went around more than I wanted her to, and it finally came to it that I told her she must either do different or leave; that's why she

left home." It thus appears that the alleged legal injury which lies at the bottom of the second and third reasons of appeal, namely, that the defendant was prevented by the rulings complained of from rebutting the plaintiff's statement as to why she left home, was entirely cured by the subsequent admission of testimony much more positive and direct than that which was excluded for remoteness.

Evidently the findings on which the second and third reasons of appeal are based were not prepared in accordance with our rule, which requires that a statement of other evidence admitted should be made, when relevant to the admissibility or materiality of the evidence in question. Supreme Court Rules, Practice Book (1908) p. 267, § 5. The importance of this rule is apparent, and we repeat what was said in *Friedler* v. *Hekeler*, 96 Conn. 29, 34, 112 Atl. 651, that it is the duty of counsel to be diligent in observing it.

The fourth and last assignment of error relates to another collateral issue, to wit: the previous chastity of the plaintiff at a period too remote to have any bearing on the paternity of the child. This issue was brought into the case by the plaintiff's testimony that she had never had illicit relations with any other man than the defendant, and not with him until April, 1919, although he had unsuccessfully solicited her ever since she was ten years old, that is, for a period of nine years. In rebuttal the defendant asked the plaintiff's father whether he had ever heard his daughter "make any statement with reference to her having intercourse with another man when she was between thirteen and fourteen years old." On objection the question was excluded under the rule laid down in *Shailer* v. *Bullock*, 78 Conn. 65, 69, 70, 61 Atl. 65, that the trial court has discretionary power to fix a date anterior to which cross-examination, for the purpose of discrediting a

witness by proof of prior inconsistent statements, may not extend. In view of the lapse of time, in this case six years, the age of the witness and the collateral character of the issue, we think the judicial discretion was not abused. Besides, the question as framed is not adapted to attack the plaintiff's credit. It is in form a preliminary question which simply calls for a categorical answer, and does not amount to a direct offer to prove that she made a prior admission inconsistent with her present testimony.

There is no error.

In this opinion the other judges concurred.