Arthur C. Perrin *vs.* Arthur C. Wheeler.

Third Judicial District, New Haven, June Term, 1930.
Wheeler, C. J., Maltbie, Haines, Hinman and Banks, Js.

Argued June 4th—decided July 9th, 1930.

*Freeman Light,* for the appellant (plaintiff).

*John T. Dwyer,* with whom was *Louis Goldschmidt,* for the appellee (defendant).

Hinman, J. The notes in suit were for $5000 each, made by Wall, Stieh & Co., Inc., to itself as payee, indorsed by the defendant, various other parties, and

by Gustav A. Pfingsten. They were discounted at bank by Pfingsten, and the proceeds were deposited in his personal account but, it was claimed, subsequently turned over to Wall, Stieh & Co., Inc. The notes, not being paid by the maker at maturity, were protested, and in September, 1925, Pfingsten, as indorser, paid them. He died on November 25th, 1927, and the plaintiff was executor of his will. On December 10th, 1928, as such executor he made an assignment of the notes to himself, individually, and on December 19th commenced this action. On the trial a general verdict for the defendant was rendered. The refusal of the trial court to set this aside is the only error assigned on this appeal.

The plaintiff alleged, in his complaint, that he was the assignee and actual and bona fide owner of the several notes and all rights of action growing out of the payment thereof by Pfingsten, having taken the same in part payment of his interest in Pfingsten's estate. The burden was upon him to prove that he was "the genuine, honest owner, and not a feigned one." *Wilcox* v. *Downing,* 88 Conn. 368, 372, 91 Atl. 262; *Uncas Paper Co.* v. *Corbin,* 75 Conn. 675, 55 Atl. 165. The jury might reasonably have found that he had failed to sustain this burden. His proof in many respects depended upon his own uncorroborated testimony, which the jury might have discredited either wholly or in part. He testified on direct that he took the notes as part of his residuary share in the estate, but on cross-examination admitted that they were not included in his sworn report, as executor, of the assets of the estate, for purposes of the New Jersey inheritance tax, nor in the distributive shares set forth therein. He also made several inconsistent statements as to the manner in which he claimed consideration therefor had passed from him to the other residuary legatees. The jury

might well have concluded that the notes and right of action thereon had not been considered as of any value in the settlement of Pfingsten's estate, that the assignment to the plaintiff, individually, was without consideration and not as a part of his distributive share in the estate, and the present action a mere speculative enterprise on his part, or that the assignment was colorably made for the purpose of avoiding the defensive effect of the agreement which, the defendant alleged, existed between him and Pfingsten as to the former's liability as indorser. General Statutes, § 4426.

The defendant pleaded and testified that although his indorsement on the notes appeared as prior to that of Pfingsten, it was agreed, as between them, that the defendant should not be liable as a prior indorser. Especially in view of the fact that Pfingsten lived more than two years after he paid the notes and, the defendant testified without contradiction, made no demand or claim upon him for payment as a prior indorser, this defense might reasonably have been regarded as established.

The trial court was fully warranted in declining to set aside the verdict.

There is no error.

In this opinion the other judges concurred.