ALICE M. JUDWAY *v.* JOSEPH KOVACS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 1-668-12215

Argued August 29—decided October 6, 1967

*Walter L. Burrows, Jr.,* of Norwalk, with whom, on the brief, was *Francis J. DiScala,* of Norwalk, for the appellant (defendant).

*Harold M. Mulvey,* attorney general, and *Edmund C. Walsh,* assistant attorney general, for the appellee (plaintiff).

DEARINGTON, J. Judgment of guilty having been rendered by the trial court in a paternity proceeding brought under § 52-435a of the General Statutes and an order of support entered as provided for by § 52-442, the defendant has appealed. He assigns error in the admission into evidence of a photograph of the child of the plaintiff and also in the court's failure to require the appearance of the child in court. He further assigns error in the admission of certain blood tests into evidence.

The defendant claims that the photograph of the child admitted in evidence violated the best evidence rule on the basis that the child, herself, should have been produced. The court found that a comparison of a photograph of the child and the physical appearance of the defendant in person showed a remarkable resemblance. "The question as to the admissibility of evidence of resemblance or comparison of the features of a person present in court with the photograph of another person—such as the alleged father—has occasioned conflicting decisions. In some instances it has been held to be admissible; in others it has been rejected." 2 Jones, Evidence (5th Ed.) § 446, p. 852. In some jurisdictions the courts have ruled that an infant may not be exhibited in person, while other courts have admitted such evidence only if the trial court is of the opinion that the child is old enough to possess settled features or other corporal indications tending to show resemblance. 10 Am. Jur. 2d, Bastards, § 120. This rule receives some support from Pro-

fessor Wigmore. 1 Wigmore, Evidence (3d Ed.) § 166, p. 627. In this state, however, our Supreme Court has ruled that a child may be offered when paternity is in dispute, holding that such evidence is of probative value and is admissible for what it is worth, in proof of paternity. *Shailer* v. *Bullock,* 78 Conn. 65, 66 (child, about ten months old). We are unable to find any reported case in this jurisdiction which has passed on the competency of a photograph of an infant child offered for the purpose of establishing paternity. In our treatment of the matter, however, it does not become necessary to pass on this question. According to the exhibit of the relevant evidence annexed to the defendant's brief, it appears that when the picture was offered the defendant addressed the court as follows: "Your Honor I have no objection to the photograph, but of course the best evidence is the child itself." Later, the defendant's attorney stated, "May I clarify the situation, if the likeness or dislikeness bears on the ultimate decision of the guilt or lack of guilt, may I merely request, or ask that the child be produced at a later time." Upon this assertion by the defendant the court stated that it would reserve its judgment. The picture was then admitted without objection. The reasonable inference to be drawn is that the court did not believe it was necessary to have the child produced before it arrived at its ultimate decision, that is, that the plaintiff had otherwise proven her case by a preponderance of the evidence.

The defendant argues, however, that the court in finding that there was a remarkable resemblance between the child's picture and the defendant thus indicated that the picture must have been a material factor in the court's final determination of guilt. We do not place this construction on the finding, for the court had found, in prior paragraphs, that the plain-

tiff had visited the defendant's apartment and on several occasions had sexual intercourse during the period in question. Furthermore, she had never had intercourse with any other man and prior to her first visit to the defendant's apartment had been a virgin. Upon discovering she was pregnant, she called the defendant and informed him of her condition. It was upon this evidence and other facts that the defendant's guilt was predicated. The physical possibility that one other than the defendant was the father of the child was all but eliminated independently of the photographic resemblance.

The defendant further assigns error in the court's ruling on certain blood test evidence. It appears that the plaintiff offered the results of a blood test taken of herself and her child. These tests were made upon motion of the defendant. The defendant objected on the ground that the tests did not establish anything, and the court agreed. Whereupon the defendant withdrew his objection. The results of the test were then offered and received in evidence. The defendant now asks this court to construe the part of § 52-184 which provides that "[t]he results of such tests shall be admissible in evidence only in cases where such results establish definite exclusion of the putative father or such husband as such father." We have no occasion to construe this statute, since the evidence came in without an objection and exception. *LaVoie* v. *Marshall,* 141 Conn. 681, 688; Maltbie, Conn. App. Proc. § 147. Furthermore, since the court agreed with the defendant that the evidence did not tend to establish anything, it could hardly be said to be harmful.

There is no error.

In this opinion JACOBS and WISE, Js., concurred.