STATE OF CONNECTICUT *v.* JAMES DINUNZIO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 15-13954

608

Argued February 24—decided July 11, 1969

*Joseph E. Fazzano,* of Hartford, for the appellant (defendant).

*Martin A. Clayman,* assistant prosecuting attorney, for the appellee (state).

Kosicki, J. The defendant was tried before a jury on the charge of assault in violation of General Statutes § 53-174. He was found guilty as charged and has appealed from the judgment. No general assignment was made part of the claimed errors, nor was the verdict attacked. We therefore limit ourselves to the errors asserted by the defendant in certain rulings on evidence and in one portion of the court's charge to the jury. The claims of proof contained in the finding rested to a substantial extent on conflicting evidence and are not subject to correction.

The evidence discloses that the jury could reasonably have found the following facts and the reasonable inferences to be drawn therefrom. On May 23, 1967, Daniel Lapsis, the son of the complainant, Alfonso Lapsis, was riding his bicycle on Broad Street in New Britain, past the Anchor Restaurant, of which the defendant was proprietor. The defendant was then backing his car out of his driveway and almost became involved in a collision with Daniel

Lapsis. They exchanged words, and then the defendant followed Daniel in his car. While in the yard of the Lapsis home, the defendant yelled at Daniel and pushed him. Daniel went into his home and saw the defendant head back to the Anchor Restaurant in his car. Thereupon, Daniel Lapsis, knowing that his father was at the Anchor Restaurant, where he was a patron, telephoned him there to tell him that the defendant was angry and was going back to the restaurant. While on the telephone, Daniel heard the defendant yell at his father to put down the phone. At the restaurant, when the phone rang, it was answered by the barmaid, who handed the instrument to the complainant, who was standing near the end of the bar but not behind it. The defendant came into the restaurant, ripped the phone out of the complainant's hands, and struck him in the face. Afterwards, the defendant apologized for losing his temper and the complainant returned to the beer he was drinking. When the complainant arrived home, his jaw began to swell. The complainant went to the hospital later that evening and found that he had suffered a broken jaw and an injury to his eye. The physical injuries to Alfonso Lapsis' face, as they developed that evening, are shown in hospital photographs taken that same night. The complainant was hospitalized for treatment of his injuries for a period of two weeks.

Much of the evidence in the case was circumstantial in nature, but this, in itself, made it no less valid than direct evidence. " 'The proof need not be so conclusive that it precludes every other hypothesis. It is sufficient if the proof produces in the mind of the trier a reasonable belief that it is more probable than otherwise that the fact to be inferred is true. . . .' *Cayer* v. *Salvatore,* 150 Conn. 361, 364 . . . ." *Console* v. *Nickou,* 156 Conn. 268, 275; *State* v. *Annunziato,* 154 Conn. 41, 45.

The assignment of errors is limited to seven claims of improper rulings on evidence and an attack on one portion of the charge to the jury. We must again point out that, in the first seven paragraphs, the defendant's assignments are not properly made. *Shea* v. *Brown,* 146 Conn. 631, 633. In each paragraph of the assignment, where the attack is made on a ruling as to the admission or exclusion of evidence, there is to be reference to an exhibit annexed to the averment of error. "The assignment of errors shall be specific and shall directly assert that the trial court committed error in the respects specified in substantial compliance with Form 819, A and C." Practice Book § 1007. Paragraphs 4 and 5 of Practice Book, Form 819 (C), provide that to a claim of error in the admission or rejection of testimony of a witness there shall be annexed an exhibit which follows the illustrations contained in Practice Book, Form 604. The defendant failed to comply with this requirement. Instead, he attached to the assignment photostatic copies of pages taken from the transcript, some of which have no relevance to the error assigned and none of which pinpoint the alleged error by stating the question, the answer, if any, the objection, the ruling and the exception.

The defendant's first three assignments, alleging error in the admission of testimony of Daniel Lapsis concerning the chasing incident outside the restaurant, are without merit. It is settled law in Connecticut that the state may introduce evidence to show a motive for the commission of the crime charged. Animosity may properly be shown on the question of motive. Remoteness is not necessarily allied with irrelevance. Furthermore, no motion appears to have been made to strike the testimony claimed to have been improperly admitted. *State* v. *Saxon,* 87 Conn. 5, 7–9. "The State was under no obligation to show a motive for the commission by

the accused of the crime charged, much less a sufficient or adequate one." *State* v. *Rathbun,* 74 Conn. 524, 529. The finding makes it abundantly clear that the incident involving Daniel aroused the defendant's anger and caused him to return to his place of business in order to give vent to his malice in a brutal attack on the complainant, who, he knew, was in the restaurant. See also *State* v. *Costa,* 95 Conn. 140, 146.

The defendant's fourth assignment of error requires little discussion. It assails the court's admission in evidence of a second photograph of the complainant's face, taken at the hospital on the night of the defendant's attack on him. This photograph was properly admitted to reveal the full extent of the complainant's injuries and to show facts relevant and material to the state's case. *State* v. *Conte,* 157 Conn. 209, 216; *State* v. *Hanna,* 150 Conn. 457, 460, 461.

The fifth assignment of error is based on the refusal of the defendant's offer of proof to show through cross-examination that the complaining witness was behind the bar, where the regulations of the liquor control commission forbade him to be, and refused to leave. This of course constituted an inquiry which not only was irrelevant and immaterial to the issue but obviously introduced an element of confusion. The sole question was whether the defendant committed a violation of § 53-174. The use of unjustifiably violent measures toward a mere trespasser to frighten him, even when no harm results, is an unwarranted violation of the law. *State* v. *Pallanck,* 146 Conn. 527. The defendant gains nothing by this assignment.

The sixth assignment is directed toward a question asked of Mildred Williams, the barmaid in the Anchor Bar and an employee of the defendant. The

obvious purpose of the question was to test the credibility of the witness. The trial court is vested with a wide discretion in controlling the limits of cross-examination on matters dealing with a witness' veracity, bias, prejudice, powers of discernment and memory. *Waddell* v. *Board of Zoning Appeals,* 136 Conn. 1, 8; *Shailer* v. *Bullock,* 78 Conn. 65, 71. "The discretion vested in the trial court as to the limits of cross-examination as to credit, is of necessity a very wide one, and should be interfered with only in cases where it has been clearly abused." *Shailer* v. *Bullock,* supra. No such abuse has been shown.

In the seventh assignment, the defendant claims error in the cross-examination by the prosecution of the defendant relative to the incident with Daniel Lapsis on the ground that it was irrelevant and immaterial. We have already discussed this claim, and further elaboration is hardly needed. The court has a wide discretion on matters of relevance and materiality and that discretion will not be disturbed except in those instances where it was clearly abused. Such is not the case here. *Pitt* v. *Kent,* 149 Conn. 351, 357; *Graham* v. *Houlihan,* 147 Conn. 321, 332; *Steiber* v. *Bridgeport,* 145 Conn. 363, 366; Holden & Daly, Conn. Evidence § 67 (b), (c), (d).

The eighth and final assignment, relating to the court's charge to the jury concerning the incident involving Daniel, has been fully covered, and further discussion would be redundant. The evidence was properly before the jury, and it was the court's duty to instruct the jury how to deal with it. See *State* v. *Marzbanian,* 2 Conn. Cir. Ct. 312, 323. The court's instruction was correct.

There is no error.

In this opinion STAPLETON and JACOBS, Js., concurred.