STATE OF CONNECTICUT v. ROBERT J. LEMIEUX

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued March 4—decided March 17, 1971

*Edwin M. Lavitt,* special public defender, with whom, on the brief, was *Matthew J. Forstadt,* for the appellant (defendant).

*Robert J. Pigeon,* state's attorney, for the appellee (state).

HOUSE, J. Robert J. Lemieux was found guilty by a jury which tried him on a charge of robbery with violence. General Statutes § 53-14. His motion to set aside the verdict was denied. He has appealed from his conviction claiming that because the verdict was not supported by the evidence, the court erred in refusing to set it aside; that there was an error in the charge to the jury; that the court should not have permitted a witness to appear in a uniform; and that the court made an erroneous evidential ruling.

The decision of the court on the motion to set aside the verdict is tested by the evidence as printed in the appendices to the briefs. *State* v. *Fine,* 159 Conn. 296, 298, 268 A.2d 649; *State* v. *Cobb,* 159 Conn. 31, 32, 266 A.2d 393. From that evidence the jury could reasonably have found the following

facts: On September 1, 1968, Paul McGrath had $80 in a wallet on his person when he went to the apartment of Raymond Hitt. After he went into a room with Hitt, the defendant and Carl Osuna entered the room and all three demanded money from him. He gave each of them $20 after they threatened to beat him. They then demanded his last $20 and when he refused to surrender it, all three of them, including the defendant, beat him with their fists and kicked him. When he found his wallet lying next to him it was empty. Witnesses testified that they heard McGrath crying and yelling: "Please, please, I don't have any more money", and that the defendant, Osuna and Hitt came out of the room leaving McGrath lying on the floor bleeding from cuts around the face and mouth. In the light of this evidence there is no merit whatsoever to the claim that the verdict was unsupported by the evidence.

After the jury had deliberated for some time they sent to the court a note inquiring "if a juror is acceptable if he states definitely that circumstantial evidence in any case is not enough to call a man guilty". The court thereupon instructed the jury on the law as it pertains to circumstantial evidence. Following this general instruction on the principles involved, to which no exception was taken, the court illustrated the instruction by two examples. The second of these was the classic one of putting a cat in a closed box containing a mouse and concluding that the cat ate the mouse from the circumstance that only the cat was found in the box when it was later opened. The example was a proper illustration of what would be a reasonable inference from circumstantial evidence and we find nothing erroneous in the charge on this score.

We find no error in the ruling of the court permitting the complaining witness to testify while dressed in his army uniform. It appears that the witness was at the time in fact a soldier in the United States Army and had returned on leave for the trial. We find nothing improper in permitting him to testify while in uniform. See *Weathers Bros. Transfer Co.* v. *Jarrell,* 72 Ga. App. 317, 346, 33 S.E.2d 805.

The final claim of error arises from testimony elicited by the state on cross-examination of the estranged wife of the defendant. The testimony related to what happened after she and the defendant left the scene of the robbery. Since it appears that no objection was made to the question addressed to the witness and that the court was neither called upon to rule on the propriety of the question, nor made any ruling, we find no error on the part of the court. Practice Book §§ 226, 652; *Budney* v. *Ives,* 156 Conn. 83, 91, 239 A.2d 482.

There is no error.

In this opinion the other judges concurred.