This appeal arises from a paternity proceeding instituted by the plaintiff's verified petition claiming that the defendant was the father of a child born to the plaintiff on March 15, 1972. The proceeding was tried to the court and judgment was entered for the plaintiff. The defendant has appealed the judgment and assigns as error the admission into evidence of a hospital report on the results of blood grouping tests.
The plaintiff offered the hospital report of the results of blood grouping tests taken of herself, her child, and the defendant. The defendant objected to the admission of the report on the ground that there was no proper foundation laid. The defendant further objected to statements by plaintiff's counsel, stating, "I object to this . . . counsel is testifying improperly. He is attempting to lay a foundation under the oath of a Commissioner. This is improper." The court asked the plaintiff's counsel, "Are you trying to submit that report for the purpose . . . [which] may appear on the surface g" The plaintiff's counsel responded, "Exactly that. That is the only purpose." The court then overruled the objection, and the defendant duly took exception. *Page 620 
Section 226 of the Practice Book requires that the grounds of an objection to an admission of evidence be stated "succinctly and in such form as . [counsel] desires it to go upon the record." This court can consider only the ground of objection set forth by the defendant in the trial court. Rogers v. Cooley Chevrolet Co., 162 Conn. 619,620; Salvatore v. Hayden, 144 Conn. 437, 442-43. The defendant's objection to the admission of the blood test report was based on the lack of a proper foundation. The defendant now asks this court to rule that the report was erroneously admitted into evidence by the trial court in violation of 52-184 of the General Statutes which provides in relevant part: "The results of . . . [blood grouping] tests shall be admissible in evidence only in cases where such results establish definite exclusion of the putative father . . . as such father." This court could only rule on the application of 52-184 to this case if a proper objection and exception had been taken in the trial court. Judway v. Kovacs, 4 Conn. Cir. Ct. 713, 716. "The proper place to raise such an objection was during the trial. Practice Book 226; Casalo v. Claro, 147 Conn. 625,629 . . . . Only where the procedure set forth in . . . [Section 226] is followed will a ruling by the trial judge on the evidence be considered by this court." Skinner v. Skinner, 154 Conn. 107,110; see State v. Manning, 162 Conn. 112, 117; Ferreira v. Storms, 159 Conn. 259, 264.
It is an established rule of appellate procedure that this court is not bound to consider any question that was not "distinctly raised at the trial and . . . ruled upon and decided by the court adversely to the appellant's claim." Practice Book 652; see Practice Book 587; State v. Malley, 167 Conn. 379, 386. Since the trial court neither was called on to rule on the propriety of the application of 52-184 nor *Page 621 
made any ruling thereon, we find no error on the part of the court. State v. Lemieux, 160 Conn. 519,522.
 There is no error.
SPEZIALE, A. ARMENTANO and SPONZO, Js., participated in this decision.