STATE OF CONNECTICUT *v.* ROBERT T. LANG

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 178

Argued November 18, 1975—decided March 12, 1976

*Peter M. Sipples,* and *George N. Deane,* for the appellant (defendant).

*Kevin T. Kane,* prosecuting attorney, for the appellee (state).

PER CURIAM. The defendant was tried before a jury on the charge of violating state regulation § 26-66-7 (b).[1] That regulation, promulgated by the commissioner of environmental protection pursuant to General Statutes § 26-72,[2] permits the trapping of fur-bearing animals during prescribed periods of time. The jury returned a verdict of guilty and judgment was rendered thereon, from which the defendant has appealed.

Contrary to rule, the defendant has filed an assignment of errors.[3] His principal claims on

---

[1] "[Regs., Conn. State Agencies] Sec. 26-66-7. SEASONS AND BAGS LIMITS FOR TRAPPING FUR-BEARING ANIMALS . . . (b) The open season for trapping mink, muskrat, otter, raccoon, gray fox, red fox, opossum, weasel and skunk shall be from November 1 through March 15. The open season for trapping beaver shall be from December 1 through March 15. . . ."

[2] Section 26-72 of the General Statutes, entitled "Regulation of trapping of fur-bearing animals," provides in pertinent part: "The commissioner may, after notice and public hearing conducted in the manner prescribed by section 26-67, issue regulations governing and prescribing the taking of all species of fur-bearing animals by use of traps within the state."

[3] Section 574 of the Practice Book requires an appellant to file a preliminary statement of the issues he intends to present on appeal

appeal are that the jury erred in failing to understand and give due regard to the judge's charge and in concluding on all the evidence that the defendant was guilty beyond a reasonable doubt. The defendant made no request to charge, took no exception to the charge, and made no motion either for a directed verdict or to set aside the verdict.

We cannot review those claims because the defendant failed to provide the trial court with an opportunity to rule on any of the issues underlying his claims of error. Appellate review is limited to "decision[s] of the [trial] court or judge upon any question or questions of law arising in the trial . . . ." Practice Book §§ 600, 587. The failure of the defendant to file a motion to set aside the verdict precludes him here from claiming that the verdict was based on insufficient evidence.[4] If the defendant had moved to set aside the verdict, made a request to charge, or excepted to the charge, we would now be able to review the trial court's ruling thereon.

It is an established rule of appellate procedure that this "court shall not be bound to consider any errors on an appeal . . . unless it appears on the record that the question was distinctly raised at the trial and was ruled upon and decided by the court adversely to the appellant's claim." Practice Book § 652 (see Practice Book § 587) ; *State* v. *Malley,* 167 Conn. 379, 383; *Recanati* v. *Kiggans,* 32 Conn. Sup. 619, 620. Since the court was not called upon to rule on the questions which are now raised for the

from a judgment in a jury case. In this case, although the defendant did not file a statement of issues, he filed an assignment of errors which was not required. Practice Book § 573. For purposes of this appeal that assignment of errors is viewed as a defective statement of issues.

[4] In criminal cases tried to the court "the defendant may assign as error that he was not, upon all the evidence, guilty beyond a reasonable doubt." Practice Book § 570C. This case was tried to the jury.

first time on appeal, nor did it make any ruling thereon, we find no error on the part of the court. *State* v. *Lemieux,* 160 Conn. 519, 522; *Recanati* v. *Kiggans,* supra.

There is no error.

SPEZIALE, D. SHEA and SPONZO, Js., participated in this decision.