STATE OF CONNECTICUT *v.* DARRY ROBINSON
(14466)

PETERS, C. J., CALLAHAN, BERDON, KATZ and SANTANIELLO, Js.

Argued February 11—decision released May 11, 1993

*Donald D. Dakers,* special public defender, with whom, on the brief, was *Christine Perra,* special public defender, for the appellant (defendant).

*Carolyn K. Longstreth,* assistant state's attorney, with whom were *James Turcotte,* assistant state's attorney, and, on the brief, *Michael Dearington,* state's attorney, for the appellee (state).

SANTANIELLO, J. The defendant, Darry Robinson, was convicted, after a jury trial, of one count of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A),[1] three counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a),[2] one count of the lesser included offense of sexual assault in the third degree in violation of General Statutes § 53a-72a (a) (1)[3] and one count of assault in the third degree in violation of General Statutes § 53a-61 (a) (1).[4]

On appeal,[5] the defendant claims that the trial court improperly: (1) shifted the burden of proof to the

[1] General Statutes § 53a-92 (a) (2) (A) provides: "A person is guilty of kidnapping in the first degree when he abducts another person and . . . he restrains the person abducted with intent to . . . inflict physical injury upon him or violate or abuse him sexually."

[2] General Statutes (Rev. to 1989) § 53a-70 (a) provides: "A person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person."

[3] General Statutes (Rev. to 1989) § 53a-72a (a) (1) provides in part: "A person is guilty of sexual assault in the third degree when such person . . . compels another person to submit to sexual contact (A) by the use of force against such other person or a third person, or (B) by the threat of use of force against such other person or against a third person, which reasonably causes such person to fear physical injury to such person or a third person . . . ."

[4] General Statutes § 53a-61 (a) (1) provides: "A person is guilty of assault in the third degree when . . . [w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person."

[5] The defendant appeals directly to this court pursuant to General Statutes § 51-199 (b) (3), which provides that "an appeal in any criminal action involving a conviction for a capital felony, class A felony or other felony . . . for which the maximum sentence which may be imposed exceeds twenty years" may be appealed directly to the Supreme Court.

defendant to show the absence of specific intent; (2) instructed the jury on sexual assault in the first degree so as to eliminate the requirement of physical compulsion for each count; (3) charged the jury to enable it to reach a verdict on the charge of kidnapping in the first degree without ever agreeing on the particular method of kidnapping used by the defendant; and (4) rendered a judgment of conviction on sexual assault in the first degree on the basis of insufficient evidence.[6] We affirm.

The jury could reasonably have found the following facts. On September 5, 1989, at approximately 6:15 a.m., the victim was standing on a New Haven street. The defendant stopped his car and asked the victim for directions. When the defendant made rude comments to the victim, she became offended and swore at the defendant. He responded by reaching through the open car window, grabbing the victim by her hair, getting out of the car, pushing her into the car and driving away. The defendant told the victim that they were going to have sex and ignored her refusal and her requests to be let out of the car. The defendant drove the victim to a local park where he ordered her out of the car and demanded that she walk down an embankment to a heavily wooded area. The victim complied with his commands because she knew that she was in trouble and had no control over the situation. The defendant then physically and sexually assaulted the victim.

I

The defendant first claims that the trial court improperly shifted to the defendant the burden of disproving specific intent, which is an element of the crimes of kid-

---

[6] Issues (3) and (4) were withdrawn by the defendant at oral argument and, thus, will not be addressed in this decision. See *Rostain* v. *Rostain*, 213 Conn. 686, 688 n.3, 569 A.2d 1126 (1990).

napping and assault, thereby depriving him of his constitutional right to a fair trial. The trial court instructed the jury that "[y]ou judge a person's intent by their actions or in some cases by their statements." The court then illustrated this statement with a visual example of pouring a drink of water and told the jurors that they "were able" to infer his intent from his actions.

The defendant concedes that he did not except to this instruction at trial, but requests that we review the claim under *State* v. *Golding,* 213 Conn. 233, 238–39, 567 A.2d 823 (1989).[7] We have previously held that a jury instruction is unconstitutional if it contains a mandatory or conclusive presumption that a person intends the result of his actions, and if such a mandatory presumption is not vitiated when the charge is read as a whole. See, e.g., *State* v. *Williams,* 199 Conn. 30, 35–40, 505 A.2d 699 (1986); *State* v. *Fernandez,* 198 Conn. 1, 19–20, 501 A.2d 1195 (1985); *State* v. *Johnson,* 185 Conn. 163, 166–67, 440 A.2d 858 (1981), aff'd, 460 U.S. 73, 103 S. Ct. 967, 74 L. Ed. 2d 823 (1983). Unlike the instruction in *State* v. *Williams,* supra, the instruction given in this case does not, however, include a mandatory presumption. The trial court instructed the jurors that they "were able" to infer his intent from his actions, not that they must do so. The instruction, therefore, is not unconstitutional. The defendant has not met the third condition set forth in *State* v. *Golding,* supra, and he cannot prevail on this claim.

The defendant also objects to the instruction on intent because the court used a visual example. We have

_____

[7] A party may prevail on an unpreserved claim of error only if he successfully establishes each of the following conditions: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness beyond a reasonable doubt." *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

repeatedly approved the use of examples in jury instructions to illustrate complex or abstract legal concepts as long as the example is clearly identified as such and the jury is instructed to base its decision on the evidence. *State* v. *Stepney,* 191 Conn. 233, 247–48, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772, reh. denied, 466 U.S. 954, 104 S. Ct. 2163, 80 L. Ed. 2d 547 (1984); see also *State* v. *Quintana,* 209 Conn. 34, 42–43, 547 A.2d 534 (1988); *State* v. *Lemieux,* 160 Conn. 519, 521, 280 A.2d 874 (1970). As in *State* v. *Stepney,* supra, the example used by the trial court was clearly identified and did not mislead the jury. Because the defendant was, therefore, not deprived of a fair trial by the court's action, this claim does not meet the third condition set forth in *State* v. *Golding,* supra. Accordingly, the defendant cannot prevail on this theory.

## II

The defendant next claims that the trial court misled the jury in its instruction that force need not be proven as to each count of sexual assault if force were proven "anywhere along the way." Because this claim was also not preserved at trial, the defendant seeks review under the test set forth in *State* v. *Golding,* supra. He claims that he is entitled to *Golding* review because the court eliminated the necessity of finding compulsion as an element of each count of sexual assault and, therefore, clearly deprived him of a fair trial.

In its charge on each count of sexual assault, the trial court told the jury that it must find that the defendant compelled the victim to engage in sexual intercourse by the use of force or the threat of use of force. The court further instructed that "each one of these acts does not have to be accompanied by a separate act of force if there is force proven anywhere along the way, and it's reasonable for the person to believe that force

would be used if they resisted and the threat of the use of force has been proven." The trial court also instructed the jury that "[i]f you find the required sexual intercourse has been proven beyond a reasonable doubt, you must next determine whether the defendant used or threatened the use of force." These instructions were applied to each count of sexual assault.

Reading the charge as a whole, we conclude that the jury was adequately instructed that it must find either the use of force or the threat of the use of force for each count of sexual assault. The defendant was not deprived of a fair trial and, therefore, this claim does not satisfy the third condition set forth in *State* v. *Golding,* supra. The defendant cannot prevail on this claim.

The judgment is affirmed.

In this opinion the other justices concurred.