**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**October 31, 2013**

# In the Court of Appeals of Georgia

A13A1190. CARVER v. THE STATE.

BOGGS, Judge.

After a jury trial, Rebecca Michelle Carver was convicted of pointing a firearm at another and reckless conduct. The trial court denied her amended motion for new trial, and she appeals. Her sole enumeration of error presents a question not previously considered in Georgia: whether the trial court erred in denying her motion in limine seeking to prohibit the victim from wearing his military uniform at trial. Because Carver has not demonstrated that the trial court abused its discretion in denying her motion, we affirm.

As the trial began, Carver's counsel made an oral motion in limine. Noting that the victim, on active duty with the Navy but on leave for the trial, was wearing his military uniform, counsel stated, "I am somewhat concerned about this individual

appearing and testifying while in full uniform. I do think that might perhaps have a prejudicial effect and I wanted to explore that a little bit." Carver's counsel asserted that the victim was "in full uniform, dress uniform," but the victim responded, "This is not my dress uniform. This is my work uniform, United States Navy." After learning that counsel had found no legal authority for his position, the trial court asked that the victim absent himself during voir dire while counsel and the court researched the issue.

After voir dire concluded, the trial court took up the question of the motion in limine. The trial court noted that the victim was on active duty in the Navy as opposed to a reservist or retired military member. The court also observed that no Georgia law appeared to be directly on point and reviewed a number of decisions from other jurisdictions. Ultimately, the trial court declined to grant Carver's motion in limine, but offered to give an instruction to the jury "tailored to this specific fact," and repeated this offer during the charge conference. Carver declined the offered charge: "I would leave that alone." In its order denying Carver's motion for new trial, the trial court revisited the issue and cited the same decisions.

"A trial court's ruling on a motion in limine is reviewed for abuse of discretion. [Cit.]" *Thompson v. State*, 277 Ga. App. 323, 324 (2) (626 SE2d 825) (2006). "[I]n

reviewing the denial of a motion in limine, this Court must construe the evidence most favorably to the upholding of the trial court's findings and judgment, and we cannot reverse a trial court's ruling absent an abuse of discretion." (Citation, punctuation, and footnote omitted.) *Brown v. State*, 316 Ga. App. 137, 139 (1) (728 SE2d 778) (2012). In addition,

> because the trial court has broad discretion in regulating and controlling the business of the court, the reviewing court should never interfere with the exercise of that discretion unless it is made to appear that wrong or oppression has resulted from its abuse, or that the court in some manner takes away the rights the parties have under the law. [Cit.]

*Dixon v. State*, 300 Ga. App. 183, 186 n.10 (684 SE2d 679) (2009).

As we have noted, this is a question of first impression in Georgia.[1] Other states, however, have considered the question and concluded that a trial court does not abuse its discretion in allowing a member of the military to testify in uniform. In *State v. Munoz*, 340 N.J. Super. 204 (774 A2d 515) (2001), the victim, a Marine on

---

[1] Our Supreme Court has ruled that a defendant did not show ineffective assistance of trial counsel in, inter alia, failing to object to the introduction of a photograph of a murder victim in military uniform. But it did not address directly the question presented here. *Jackson v. State*, 278 Ga. 235, 239 (5) (c) (599 SE2d 129) (2004). And Carver acknowledged at trial that it is "routine" for law enforcement officers to testify in uniform. See *Foster v. State*, 272 Ga. 69, 72 (9) (525 SE2d 78) (2000) (not error to permit correctional officers to testify in uniform.)

3

active duty, wore his uniform during trial. The Appellate Division affirmed the conviction, stating:

> We have declared that if a party is a member of the armed services, a firefighter, or a priest, when appearing in court he or she should be entitled to dress in a manner ordinary to him or her. The rationale equally applies to a victim in a criminal prosecution. We conclude that the judge appropriately exercised his discretion in permitting [the victim] to wear his uniform.

(Citations omitted.) Id. at 220-221 (III). And in *State v. Mayse*, 2006 Tenn. Crim. App. LEXIS 353 (Tenn. Ct. Crim App. 2006), the trial court denied the defendant's motion in limine requesting that the victim, an active duty Marine, not be allowed to testify in uniform. As Carter argues here, Mayse contended that it was "not unreasonable that during a time when our nation is at war, that a jury would accord a witness in military uniform greater trust and credibility than a person on trial." Id. at 13 (I). Noting decisions from New York and Indiana[2], the Tennessee Court of Criminal Appeals held:

> Likewise, we find no error in allowing the victim in this case to testify dressed in her military uniform. While it may be true that the jury looked favorably upon a witness who was serving her count[r]y, we cannot

---

[2]*Aupperlee*, *Lloyd*, and *Galmore*, infra.

4

automatically assume that the jury afforded her testimony more weight or credibility based solely on her appearance in military uniform. We find this little different from a police officer testifying in a police uniform. As argued by the State, whether a witness or a victim is a common laborer, an engineer, or a doctor, is a fact which may be considered by the jury but is clearly not determinative of the credibility of that person. Contrary to the Appellant's argument, we cannot equate this to a situation where the defendant is forced to appear in prison attire. This issue is without merit.

(Citations omitted.) Id. at 14-15 (I). See also *State v. Lemieux*, 160 Conn. 519, 522 (280 A2d 874) (1971) (no error in permitting victim to testify in uniform when victim on active duty and on leave for trial); *People v. Lane*, 398 Ill. App.3d 287, 296-301 (922 NE2d 575) (2010) (finding no prejudice to defendant when witnesses, including victim, allowed to wear military uniform); *People v. McCoy*, 281 Ill. App.3d 576, 586 (666 NE2d 805) (1996) (same); *Galmore v. State*, 467 NE2d 1173, 1176 (III) (Ind. 1984) (not abuse of discretion to allow victim to testify in uniform); *People v. Lloyd*, 141 A.D.2d 671 (529 NYS2d 562) (1988) (allowing robbery victim to testify in uniform did not deprive defendant of fair trial); *People v. Aupperlee*, 168 A.D.2d 561 (564 NYS2d 239) (1990) (same).

These decisions are not in any sense binding precedent, but we may look to them for persuasive reasoning. *Smith v. Stewart*, 291 Ga. App. 86, 92 (1) n. 7 (660 SE2d 822) (2008). After a careful review of these decisions, we accept their reasoning and hold that, without more, a trial court does not abuse its discretion in allowing a witness on active duty in the military to testify in uniform, whether that individual is a witness or a victim-witness.[3]

The only decision cited by Carver in support of her position, *State v. Marquez*, 145 N.M. 31 (193 P3d 578) (N.M. App. 2008), rev'd on other grounds, 147 N.M. 386 (223 P3d 931) (N.M. 2009), is inapposite here. In *Marquez*, the New Mexico Court of Appeals *affirmed* the decision of the trial court concluding that a *defendant's* wearing of a National Guard uniform at trial "could unfairly prejudice the jury." Id. at 34-35. We do not consider here the much-litigated question of a defendant's courtroom attire. And *Marquez* itself notes that decisions affirming a trial court's decision to *allow* the wearing of a uniform, "being in the opposite procedural posture, are not persuasive." Id. at 35.

_____

[3]We agree with the conclusion of the Appellate Court of Illinois in *Lane*, supra, that whether a witness is a victim or not is a distinction without a difference. 398 Ill. App. 3d at 301.

6

Here, Carver simply speculates that the victim's uniform "could have influenced the jury toward the State," but provides no specific evidence to support this speculation. As in *Galmore*, supra, "Defendant has presented only [her] own conclusions as to the effect of the victim's appearance at trial in his military uniform." 467 NE2d at 1176. See also *Lane*, supra, 398 Ill. App. 3d at 299-300.

In addition, the evidence that the victim was a member of the military on active duty was known to the jurors through other relevant evidence properly admitted at trial. Carver stated as justification for pointing the pistol at the victim that she and her husband had had a problem with people stealing from their chicken house, and that several individuals had trespassed on her property and entered her husband's truck the day before the incident. She identified the victim as one of those trespassers. The victim testified, however, that he had been on active duty in Afghanistan for seven months and that the day of the incident was his "first day being home in probably almost a year." And Carver's counsel raised the issue of the victim's military service in closing argument, arguing that the victim was not afraid of Carver or frightened by her behavior, because he "even made a joke about it and said I've had bigger guns waved," and that the victim was serving overseas to protect citizens' rights to a fair trial. As in *Lane*, supra, "[t]he impact of the uniforms themselves on jurors'

7

perceptions of witnesses they already know to be in the military is even more speculative." 398 Ill. App. 3d at 299-300.

Carver further notes that one of the jurors was a member of the armed forces on medical leave for wounds sustained in Afghanistan. But even though she raised the issue of the victim's uniform before voir dire was conducted, Carver did not question any of the potential jurors on this issue, including the juror that she now contends may have been prejudiced in the victim's favor. She also declined an instruction tailored to this issue, even though the trial court offered on two occasions to give it. Carver has failed to demonstrate any prejudice in favor of the victim on account of his wearing a military uniform, or that she took any of the steps available to her to protect against any alleged prejudice. Compare *Munoz*, supra, 340 N. J. Super. at 219 (III) (voir dire by trial judge to explore possible influence of uniform); see also *Tolbert v. State*, 313 Ga. App. 46, 53 n.29 (1) (729 SE2 244) (2011) (defendant offered but refused curative instruction and could not thereafter complain).

We conclude that Carver has failed to demonstrate from the record that the trial court abused its discretion in denying her motion in limine, and we therefore affirm.

*Judgment affirmed. Doyle, P. J. and McFadden, J., concur.*