**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 5, 2014**

# In the Court of Appeals of Georgia

A14A0755. JONES v. THE STATE.

BARNES, Presiding Judge.

Following the denial of his motion for new trial, Wesley L. Jones appeals his armed robbery and possession of a firearm during the commission of a felony convictions and contends that the evidence was insufficient, the State did not provide sufficient notice of its intent to present evidence of similar transactions, the trial court erred in admitting hearsay testimony, and that his trial counsel was ineffective. Following our review, we affirm.

In undertaking an appellate review of a criminal conviction, we view the evidence in the light most favorable to the jury's verdict. *English v. State*, 301 Ga. App. 842, 842 (689 SE2d 130) (2010). So viewed, the evidence demonstrates that at approximately 2:00 a.m. on December 10, 2004, a clerk was working in a convenience store when a man entered the store, pointed a gun at him, and demanded

money. The clerk gave the robber the money from the cash register, and was then instructed to open the safe. When the clerk could not open the safe, the robber became angry, chambered a round in the gun, and pointed it at the clerk and at a second clerk who was also working. The second clerk was able to open the safe and give the money inside to the robber, who then left the store.

The clerk told police that the robber was wearing a dark hooded sweatshirt, and that he had a white cloth around the lower part of his face. He described the robber as about six feet tall, weighing 190 pounds, with distinctive "bug eyes" that were not crossed but "cockeyed." The second clerk testified that the robber's eyes were "doing crazy stuff" and were "crossed and then they weren't crossed and they were just moving all around."

In reviewing the police report of the robbery, the sergeant over the robbery division noticed similarities to a robbery of a restaurant that had occurred three days before and three blocks away from the convenience store. One of the suspects in the earlier robbery was Jones, and the sergeant prepared a photographic lineup that included a picture of Jones. The convenience store clerk positively identified Jones from the lineup as the man who robbed the store. He also positively identified Jones at trial as the robber.

At the trial, the State presented a certified copy of Jones' conviction for armed robbery of the restaurant that occurred three days before the convenience store robbery.[1] The lead detective testified to the facts of that robbery. Specifically, the detective testified that two men had entered the restaurant, and one man pointed a handgun at the employees and patrons while the other emptied the cash register. The man with the handgun wore a hooded sweatshirt and had a white bandana tied around the bottom of his face. A fingerprint recovered from the register belonged to Jones' co-defendant, who later identified Jones as his accomplice in the restaurant robbery.

1. Jones first contends that the evidence was insufficient to support his convictions and asserts that the evidence connecting him to the crime was tenuous at best, as it was only based on the victim's identification of Jones' eyes. We disagree.[2]

It is axiomatic that when a criminal conviction is appealed, the evidence must be viewed in the light most favorable to the verdict, and the appellant no longer

---

[1]After conducting a Uniform Superior Court Rule 31.3 (B) hearing, the trial court ruled that the prior conviction was admissible as similar transaction evidence to show Jones' course of conduct, motive, bent of mind, plan, and identity. See *Mangum v. State*, 308 Ga. App. 84, 88 (2), n. 13 (706 SE2d 612) (2011).

[2] Because this case was tried in 2005, we are not analyzing the trial court's evidentiary rulings under Georgia's new Evidence Code, effective January 1, 2013. See *Slaughter v. State*, 292 Ga. 573, 576 (2), n. 3 (740 SE2d 119) (2013).

enjoys a presumption of innocence. *English,* 301 Ga. App. at 842. And in evaluating the sufficiency of the evidence, "we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt."(Punctuation and footnote omitted.) *Jones v. State*, 318 Ga. App. 26, 29 (1) (733 SE2d 72) (2012). Thus, the jury's verdict will be upheld "[a]s long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

Jones argues that the evidence failed to establish that he committed the robbery because the clerk's identification of him in the photographic lineup and at trial was unreliable because he only saw Jones' eyes during the robbery. OCGA § 24-14-8 (2013) (formerly OCGA § 24-4-8) provides that, generally, "[t]he testimony of a single witness is generally sufficient to establish a fact." To that end, the reliability of the clerk's identification would go to the credibility and weight of his testimony, a matter which is within the province of the jury, not an appellate court. *Crawford v. State,* 301 Ga App. 633, 636 (1) (688 SE2d 409) (2009). "[A]rguments that go to the weight and credibility that the jury wished to assign to the State's otherwise sufficient

4

evidence present no basis for reversal." (Citation, punctuation, and footnote omitted.) Id. We find the evidence set forth above sufficient to find Jones guilty of armed robbery and possession of a firearm during the commission of a felony.

2. Jones also contends that the trial court erred in admitting similar transaction evidence when the State did not provide ten days notice of its intent to present such evidence. The State mailed its intent to present similar transaction notice seven days before the start of Jones' trial . At the hearing on the similar transaction evidence, the trial court held that

> as opposed to ten days, I will shorten the time required. The notice was given a week in advance. [Jones] was tried for this crime only some three to four months ago, for the similar transaction. [He] had a trial . . . with the same counsel acting as counsel in that case so they were certainly familiar with it and would not be surprised by this.

Uniform Superior Court Rules 31.1 and 31.3 provide that the State must give written notice of its intent to introduce similar transaction evidence. The notice "shall be given and filed at least ten (10) days before trial unless the time is shortened or lengthened by the judge." USCR 31.1. Reducing the time period for notice is a matter within the court's discretion which will not be disturbed by this Court absent abuse of that discretion. *Bryant v. State*, 226 Ga. App. 135, 138 (3) (a) (486 SE2d 374)

5

(1997). Here, the record demonstrates that Jones' bench trial on the similar transaction occurred only a few months before the current trial and that he had the same trial counsel for both trials. Thus, Jones' counsel was well aware of the evidence contained in the similar transaction. Given these facts, the trial court found the absence of any real prejudice to Jones in shortening the notice period, and we find no abuse of the trial court's discretion here. See *Woodward v. State*, 262 Ga. App. 363, 364-366 (1) (585 SE2d 687) (2003) (the trial court did not abuse its discretion in shortening the time for filing the State's similar transactions notice since the defendant had the requisite notice despite the late filing, and defense counsel had discussed the prior offense with the prosecutor months before trial).

3. Jones next contends that the trial court erred in admitting hearsay testimony from the lead detective when he testified about the similar transaction robbery. "[T]he admission of evidence is committed to the sound legal discretion of the presiding judge, whose determinations will not be disturbed on appeal unless they constitute an abuse of that discretion." (Citation, punctuation, and footnote omitted.) *Jennings v. State*, 292 Ga. App. 149, 152 (2) (664 SE2d 248) (2008).

Jones asserts that the detective's testimony about the details about the robbery and description of the robbers provided by unidentified patrons who were present

6

during the restaurant robbery was hearsay. We note that Jones failed to object the admission of the detective's testimony regarding these statements and therefore he has waived this issue.[3] Even so,

> [t]he record shows that the detective who testified regarding the prior burglar[y] was the lead investigative officer thereof. At the time of . . . [the] burglary, the detective answered the call, interviewed the [witnesses], and viewed the crime scene. The detective's testimony was factual in nature and was based upon his own investigations. Since the investigator actually investigated and had personal knowledge of the burglar[y], his testimony as to [that] offense[] was not hearsay.

*Castellon v. State*, 240 Ga. App. 85, 86 (1) (522 SE2d 568) (1999). See *Smith v. State*, 304 Ga. App. 708, 709-710 (1) (699 SE2d 742) (2010) ("We have frequently held that an investigating officer's testimony concerning his personal knowledge of the crimes investigated by him is not hearsay.") (citations omitted); *Terry v. State*, 262 Ga. App. 654, 655-656 (586 SE2d 357) (2003) (What an investigating officer saw during her investigation of the prior offense and what the defendant told her during that

---

[3] Jones objected to the admission of the similar transaction evidence, but did not object on the grounds of hearsay at trial during the detective's testimony. To preserve an objection as to a specific point, "the objection must be on that specific ground" in order for this Court to consider it. (Citations and footnote omitted) *Phillips v. State*, 284 Ga. App. 224, 229 (1) (d) (644 SE2d 153) (2007).

7

investigation is not hearsay and is admissible at trial.); compare *Bowdry v. State*, 211 Ga. App. 626 (440 SE2d 59) (1994) (law enforcement officer's testimony at trial concerning the similarity of a prior offense is inadmissible hearsay when the officer does not have personal knowledge of the facts of the prior offense.)

Moreover, statements made within minutes of a crime and to an officer responding to a call for help are admissible under the res gestae exception to hearsay. *Spear v. State*, 259 Ga. App. 803 (2) (578 SE2d 504) (2003); former OCGA § 24-3-3 ("Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae.") Accordingly, the trial court did not err in allowing testimony.

Jones also maintains that it was inadmissible hearsay to allow the detective to testify to other facts related to the similar transaction robbery, including that Jones' co-defendant, Rodrell Williams, in the similar transaction robbery had identified Jones as the second robber, that Williams' girlfriend indicated in her signed statement that Jones "made a comment . . . about hitting a lick," and that the detective had a

telephone conversation with another witness who said that the two men had come to her apartment and that she had observed Jones with a handgun.

We agree that the statements were hearsay and that the trial court erred in overruling Jones' objection. However, any "error was rendered harmless due to the fact the hearsay identification was cumulative of the certified copy of the adjudication adverse to [Jones] on the robbery charge." *Inman v. State*, 281 Ga. 67, 71 (3) (a) (635 SE2d 125) (2006). Although Jones argues that given the hearsay testimony, the State's sole evidence surrounding the similar transaction incident was a certified copy of a conviction, as previously noted, the detective who handled the investigation of the similar transaction, including responding to the call and interviewing the witnesses, testified at the trial and much of his testimony was properly admitted. See *Shuman v. State*, 244 Ga. App. 335, 337 (3) (535 SE2d 526) (2000). ("[C]ertified copies of convictions are admissible when they . . . are not the sole evidence of a previous crime.") (Citations omitted.); compare *Perry v. State*, 314 Ga. App. 575, 576-577 (1) (724 SE2d 874) (2012) (The trial court erred in admitting certified copies of prior similar conviction absent additional evidence establishing similarity.)

Thus, this enumeration fails.

4. Likewise we find no merit to Jones' contention that his trial counsel was ineffective for failing to object to the detective's similar transaction testimony about the circumstances of the robbery investigation. To succeed on this claim, Jones must show that his counsel's performance was professionally deficient and that, but for counsel's unprofessional conduct, there is a reasonable probability the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 695 (104 S Ct 2052, 80 LE2d 674) (1984). See also *Varner v. State*, 285 Ga. 300 (3) (676 SE2d 189) (2009). If Jones fails to meet his burden of proving either prong of the *Strickland* test, then we need not examine the other prong. *Battles v. State*, 290 Ga. 226, 229 (2) (719 SE2d 423) (2011). Pretermitting whether trial counsel's performance was deficient for failing to object on hearsay grounds to the detective's testimony at trial, Jones has failed to establish a reasonable probability that, but for counsel's objection to the testimony in question, the result of the proceeding would have been different. *Myers v. State*, 275 Ga. 709, 713 (4) (572 SE2d 606) (2002); *Hill v. State*, 291 Ga. 160, 164 (4) (728 SE2d 225) (2012) ("The likelihood of a different result must be substantial, not just conceivable.") (Citation omitted.)

*Judgment affirmed. Boggs and Branch, JJ., concur*.