**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 18, 2021**

# In the Court of Appeals of Georgia

A21A0184. CWIK v. THE STATE.

REESE, Judge.

In 2018, a Hall County jury found Matthew Cwik guilty of one count of aggravated child molestation and five counts of child molestation.[1] Cwik filed an amended motion for new trial, which the trial court denied, and this appeal followed. Cwik asserts that the trial court erred in denying his motion because the evidence was insufficient to establish venue, he received ineffective assistance of counsel, he was prejudiced when an e-mail was inadvertently displayed before the jury, and the victim should not have been allowed to testify in her military uniform. For the reasons set forth infra, we affirm the trial court's ruling.

---

[1] OCGA §§ 16-6-4 (a), (c).

Viewed in the light most favorable to the jury's verdict,[2] the record shows the following. The victim, A. B., first met Cwik when she was approximately nine or ten years old when Cwik began dating her mother. Cwik married A. B.'s mother approximately one year later. Although A. B. did not remember exactly when Cwik first started touching her inappropriately, she testified that she was "11 or 12, 13 at the oldest maybe." The touching started over her clothes, but eventually Cwik began touching her directly on her breasts, vagina, and anus with his hands and mouth, in addition to having her touch his penis. The abuse occurred in the family home, "[u]sually in [A. B.'s] room[,]" while her mother was working, and continued regularly until A. B. was 14. A. B. ultimately disclosed the abuse to her school counselor. Subsequently, the Division of Family and Children Services ("DFCS") and the Hall County sheriff's office were called in to investigate the allegations.

A Hall County grand jury indicted Cwik on one count of aggravated child molestation, five counts of child molestation, and one count of incest.[3] At trial, over Cwik's objection, the court permitted A. B. to testify while wearing her National

---

[2] See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979); *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

[3] OCGA §§ 16-6-4 (a), (c); 16-6-22 (a).

Guard uniform, but it provided a limiting instruction to the jury. After the jury found

Cwik guilty of all charges except the one count of incest, the trial court sentenced him

to life, with the first 40 years to be served in confinement.

> On appeal, the appellate court reviews a challenge to the sufficiency of the venue evidence just like it reviews a challenge to the evidence of guilt: we view the evidence of venue in a light most favorable to support the verdict and determine whether the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the crime was committed in the county where the defendant was indicted.[4]

Further, "[i]n reviewing a trial court's determination regarding a claim of ineffective

assistance of counsel, this court upholds the trial court's factual findings unless they

are clearly erroneous; we review a trial court's legal conclusions de novo."[5]

Additionally, "where there is no prosecutorial misconduct and the basis for a mistrial

is the effect of outside influences on the jury, a trial court has broad discretion in

---

[4] *Oates v. State*, 355 Ga. App. 301, 304 (2) (844 SE2d 239) (2020) (citation and punctuation omitted).

[5] *Bubrick v. State*, 293 Ga. App. 502, 504 (3) (667 SE2d 666) (2008) (punctuation and footnote omitted).

deciding whether to grant a mistrial[.]"[6] Finally, the trial court's decision to allow a victim to testify in her military uniform is reviewed for abuse of discretion.[7] With these guiding principles in mind, we now turn to Cwik's claims of error.

1. Cwik argues that the evidence presented at trial was insufficient to prove venue beyond a reasonable doubt. According to Cwik, the State failed to establish venue because A. B. did not specifically testify regarding the address where the acts occurred. He also asserts that although Jerry Phillips, an investigator with the Hall County sheriff's department, testified that the acts occurred at the victim's home located in Hall County, his statement was hearsay because he lacked personal knowledge that the abuse occurred at this location.

> Unless venue must be changed to obtain an impartial jury, a criminal case must be tried in the county where the crime was committed. [V]enue is a jurisdictional fact the State must prove beyond a reasonable doubt in every criminal case. The State may meet its burden at trial using either direct or circumstantial evidence, and the

---

[6] *Blake v. State*, 304 Ga. 747, 750 (2) (822 SE2d 207) (2018) (citation and punctuation omitted).

[7] See *Harp v. State*, 347 Ga. App. 610, 614 (2) (820 SE2d 449) (2018).

determination of whether venue has been established is an issue soundly within the province of the jury.[8]

Here, A. B. testified that Cwik touched her at their home, specifically in her room, and that she lived with her family at the time the acts occurred. Phillips also testified at trial that following A. B.'s disclosure of the abuse, the Hall County patrol division met DFCS at a house located on Ben Parks Road, which was the same street provided as the Cwiks' home address located in Hall County. Moreover, when the State asked Phillips "based on your investigation, where was the abuse alleged to have happened[,]" Phillips responded with Cwik's Hall County address. There was also no evidence suggesting that the acts occurred at another address. Therefore, because jurors are allowed "to draw reasonable inferences from circumstantial evidence in deciding whether a crime was committed in the county alleged[,]"[9] we conclude that, based on the evidence presented, a reasonable jury could have found that the acts occurred within Hall County.

---

[8] *Worthen v. State*, 304 Ga. 862, 865 (3) (a) (823 SE2d 291) (2019) (citations and punctuation omitted).

[9] Id. at 868 (3) (c).

Furthermore, although Cwik argued that Phillips's statement regarding where the acts occurred was hearsay, and therefore insufficient to establish venue, this argument is unavailing. Even assuming that Phillips's statement was hearsay, Cwik failed to object to it at trial, and consequently the testimony became "legal evidence and admissible."[10] Accordingly, for purposes of determining venue, the jury could consider the statement in the context of the other evidence regarding where the crimes occurred.[11] Therefore, considering the above, the evidence was sufficient for a rational trier of fact to find that venue was established in Hall County.

2. Cwik also argues that because trial counsel failed to object to Phillips's statement as hearsay, his performance constituted ineffective assistance, and the prejudice from this error was sufficient to warrant a new trial.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that

---

[10] OCGA § 24-8-802; see *Mason v. State*, 353 Ga. App. 404, 408 (3) (837 SE2d 711) (2020).

[11] See *Mason*, 353 Ga. App. at 408 (3).

there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different.[12]

However, "[f]ailure to satisfy either prong of this test is fatal to an effective assistance claim[.]"[13]

Here, even assuming that Phillips's statement constituted hearsay and trial counsel's failure to object was an error, Cwik has failed to establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[14] As noted in Division 1, supra, the State may meet its burden using either direct or circumstantial evidence.[15] Considering the evidence presented regarding where the crimes occurred, Cwik has not demonstrated that there was a reasonable likelihood that the jury would have reached a different conclusion even if trial counsel had objected to Phillips's statement.[16]

---

[12] *Beck v. State*, 285 Ga. App. 764, 765 (647 SE2d 408) (2007) (citation and punctuation omitted).

[13] *Pihlman v. State*, 292 Ga. App. 612, 615 (3) (a) (664 SE2d 904) (2008).

[14] *Jackson v. State*, 321 Ga. App. 607, 610 (1) (739 SE2d 86) (2013) (citations and punctuation omitted).

[15] *Worthen*, 304 Ga. at 865 (3) (a).

[16] See *Mohamed v. State*, 307 Ga. 89, 94 (3) (b) (834 SE2d 762) (2019).

Additionally, Cwik cannot show that trial counsel was deficient in failing to object to Phillips's statement because the statement itself did not constitute hearsay. At trial, Phillips testified that, based on his investigation, the abuse had occurred at Cwik's home address, which is located in Hall County. As the Supreme Court of Georgia has stated, a detective's "comment on the results of his investigation [is] not hearsay evidence[ ]" where the testimony "was limited to the findings of the detective's investigation and did not include or make reference to out-of-court statements made to him[.]"[17] Therefore, because Phillips's limited statement concerned only the results of his investigation, specifically where the abuse occurred, and did not include statements made by others, this statement standing alone did not constitute hearsay.[18] Thus, trial counsel's failure to object was not deficient.[19]

---

[17] *Porter v. State*, 292 Ga. 292, 293-294 (2) (736 SE2d 409) (2013); see *Jones v. State*, 329 Ga. App. 478, 481 (3) (765 SE2d 657) (2014).

[18] See OCGA § 24-8-801 (c); see also see *Jones*, 329 Ga. App. at 481 (3).

[19] See *Wesley v. State*, 286 Ga. 355, 356 (3) (a) (689 SE2d 280) (2010) ("[T]rial counsel did not perform deficiently by failing to make a meritless objection to the admission of this evidence.").

3. Cwik argues that the trial court abused its discretion in not declaring a mistrial because an e-mail to the District Attorney's office was inadvertently displayed during the trial.

"The decision whether any unauthorized statement, communicated to the jury either individually or as a group, is so prejudicial as to warrant a mistrial is in the discretion of the trial court."[20] Additionally, "a jury verdict will not be upset solely because of such [statements], unless the statements are so prejudicial that the verdict must be deemed inherently lacking in due process."[21]

Here, while showing a video to the jury, an internal State e-mail was displayed briefly on the screen. The court and trial counsel noted that they were only able to read part of the e-mail, and when the jurors were asked if they saw the e-mail, only two individuals (one juror and one alternate) raised their hands.

The two jurors were subsequently questioned independently about what they saw. The first juror testified, "I think it said, Daddy Cwik is testifying. I didn't see the whole thing." She also stated that it was only visible "one, two seconds maybe."

---

[20] *Cooke v. State*, 230 Ga. App. 326, 327 (496 SE2d 337) (1998).

[21] *Sims v. State*, 266 Ga. 417, 419 (3) (467 SE2d 574) (1996) (citation and punctuation omitted).

When asked if it would impact her ability "to give a true and fair verdict[,]" she responded "[n]o sir, I don't believe so."

The alternate juror testified that he was only able to read part of the message, specifically "[s]omething about Daddy Cwik [and] something about the African-American spy." He also stated that the e-mail would not impact his ability to render a true and fair verdict. The court subsequently provided a limiting instruction regarding the e-mail to each juror individually.

Based on the record before us, the message was only displayed briefly, the two jurors who saw it were only able to read a portion of the e-mail, and both jurors received limiting instructions. Therefore, we conclude that the brief display of the message was not so prejudicial as to render the verdict inherently lacking in due process, and accordingly, the trial court did not abuse its discretion.

4. Cwik argues the trial court abused its discretion in allowing A. B. to testify in her National Guard uniform. He asserts that allowing her, as the State's central witness, to appear in military uniform improperly bolstered her credibility before the jury.

10

This Court has held that "a trial court does not abuse its discretion in allowing a witness on active duty in the military to testify in uniform[.]"[22] Quoting the Tennessee Court of Criminal Appeals, testifying in military uniform "is little different from a police officer testifying in a police uniform. . . . [W]hether a witness or a victim is a common laborer, an engineer, or a doctor, is a fact which may be considered by the jury but is clearly not determinative of the credibility of that person."[23]

Here, A. B. testified that she had joined the National Guard and completed boot camp and the required training shortly before trial. She also testified that she would be participating in the Reserve Officer Training College ("ROTC") program when she started college, which she testified would be approximately a week after the trial. Further, as A. B. was a witness, her credibility was subject to cross-examination.[24] Thus, the present situation is different from the "much-litigated question of a

---

[22] *Carver v. State*, 324 Ga. App. 422, 425 (750 SE2d 735) (2013).

[23] Id. at 424 (citations and punctuation omitted).

[24] Cf. *Harp*, 347 Ga. App. at 614 (2) (holding the trial court did not abuse its discretion in refusing to allow the defendant to wear his military uniform where, inter alia, he did not testify and was not subject to cross-examination).

defendant's courtroom attire[,]"[25] as defendants, unlike witnesses, may be present without taking the stand. Moreover, the court provided a limiting instruction charging the jury not to consider her uniform before she testified.[26] Therefore, allowing A. B. to testify in her uniform did not unduly prejudice Cwik, and accordingly, the trial court did not abuse its discretion.[27]

*Judgment affirmed. Doyle, P. J., and Brown, J., concur.*

---

[25] *Carver,* 324 Ga. App. at 425.

[26] See id. at 426.

[27] See id.