**SECOND DIVISION**
**DOYLE, P. J.,**
**DAVIS, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 15, 2026

# In the Court of Appeals of Georgia

A26A0528. GABLE v. THE STATE.

DAVIS, Judge.

Stenson Gable seeks review of his convictions for aggravated child molestation and incest following a jury trial in Carroll County Superior Court. Gable argues (1) his convictions should merge as a matter of fact; (2) the trial court erred in denying his motion in limine; (3) the trial court erred in permitting other acts evidence under OCGA § 24-4-414; and (4) Gable's sentence is void because the trial court's special conditions of probation were overbroad. For the reasons set forth below, we affirm in part, vacate in part, and remand the case for resentencing.

Viewed in the light most favorable to the verdicts,[1] the evidence at trial showed the following.

In August of 2020, Gable, who was approximately 20 years old, lived with a number of family members in a home in Carrollton, Georgia. Some of those family members included Gable's mother, April Keuhs; his half brother, Brandon Mink; another half brother, L. K.; and his half sister, S. K.[2] One evening, Keuhs showed Mink Facebook messages from Gable telling her he was in love with S. K., his half-sister. The next day, Gable was told to leave the home because of his confessed feelings for S. K. Mink told L. K. why Gable was being kicked out of the home and L. K. got very upset. L. K. disclosed to Mink that about a month and a half earlier, when he was 15 years old, Gable had asked L. K. if he could perform oral sex on L. K., and he said he would hurt S. K. if he refused. The two went into a shed on the property, and Gable performed oral sex on L. K. Mink then told Keuhs what L. K. had disclosed to him, and L. K. also told his mother about the incident with Gable. In August of 2020, L. K. was interviewed by a forensic interviewer at the Carroll County Child

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

[2] Gable, Mink, S. K. and L. K. all share the same mother, April Keuhs.

Advocacy Center. The recorded interview was admitted into evidence and played for the jury but was not included in the record on appeal.

On August 20, 2020, officers received a report that Gable was going to Walmart to look at young girls. Officers made contact with Gable at Walmart and received permission to search his cell phone and to keep it overnight to do so. Gable went to the police station the next day with his mother and stepfather to retrieve his phone. Gable was put into an interview room while his mother and stepfather waited in another room. During this time, officers learned from Gable's mother about the allegation that he had performed oral sex on L. K. Gable admitted that he performed oral sex on L. K. The recordings of Gable's interviews with police were admitted into evidence and played for the jury but were not included in the record on appeal.

Gable was charged with one count of aggravated child molestation (OCGA § 16-6-4(c)) and one count of incest (OCGA § 16-6-22). On February 7, 2022, the State provided notice to Gable that it intended to present other acts evidence through S. K. under OCGA § 24-4-414 ("Rule 414"). That notice did not contain a summary of the substance of S. K.'s testimony. On February 18, 2022, the State received Gable's juvenile records from Kentucky which revealed the identity of additional victims, A.

J. and R. J. On February 21, 2022, the State interviewed S. K. and an additional family member, D. J., who revealed that Gable had also molested her. On that same date, the State filed an amended notice to present evidence of other acts of child molestation pursuant to Rule 414. That notice listed S. K., D. J., A. J., and R. J., but did not contain any summary of the substance of their testimony. On February 28, 2022, prior to jury selection, the trial court heard argument regarding these witnesses and permitted the State to call S. K., D. J., and A. J. as witnesses.[3]

Following a jury trial, Gable was convicted of both counts and sentenced to life imprisonment for the aggravated child molestation plus 30 years; and on the incest conviction, he was sentenced to 29 years of imprisonment and one year of probation, to run consecutively to the life sentence. A motion for new trial was filed on April 19, 2022. After a hearing, the trial court denied the motion for new trial on February 28, 2025. This appeal follows.

1. First, Gable argues that his convictions for aggravated child molestation and incest should merge for sentencing purposes. We disagree.

---

[3] At the pretrial hearing, the State represented that it did not intend to call R. J. as a witness.

"Whether offenses merge is a legal question, which we review de novo." *Jefferson v. State*, 360 Ga. App. 75, 79(2) (860 SE2d 614) (2021).

"Evidence showing that the same conduct established the commission of two crimes does not necessarily mean that those crimes merge. Under OCGA § 16-1-7(a)(1), an accused may not be convicted of more than one crime if one crime is included in the other." *Tinson v. State*, 337 Ga. App. 83, 86(2) (785 SE2d 914) (2016) (quotation marks omitted). "In considering whether crimes merge ... we apply the 'required evidence' test, which considers whether each statute requires proof of an additional fact that the other does not." Id. (quotation marks omitted); see also *Drinkard v. Walker*, 281 Ga. 211, 217 (636 SE2d 530) (2006) (applying the required evidence test).

In Count 1, Gable was charged with aggravated child molestation (OCGA § 16-6-4(c)) for committing an act involving the mouth of the accused and the sexual organs of a child under the age of 16. And OCGA § 16-6-4(c) provides that "a person commits the offense of aggravated child molestation when such person commits an offense of child molestation which ... involves an act of sodomy." OCGA § 16-6-4(a)(1) defines the crime of child molestation as doing "an immoral or indecent act to

... any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." In Count 2, Gable was charged with incest (OCGA § 16-6-22) for engaging in sodomy with a person who was his half brother, "knowing that he is related to said half-brother by blood[.]" And OCGA § 16-6-22(a)(3) provides, in relevant part, that a person commits incest when he "engages in ... sodomy ... with a person whom he or she knows he or she is related to by blood, by adoption, or by marriage: ... [as] siblings of the whole blood or the half blood."

Aggravated child molestation requires proof that the victim was under the age of 16, but incest does not require that element. And incest requires proof that the victim was of a certain relation to the accused, which aggravated child molestation does not require. Because each of these crimes requires proof of an element the other does not, they do not merge. See *Jones v. State*, 333 Ga. App. 796, 802(4) (777 SE2d 480) (2015) (aggravated child molestation and incest charges did not merge); see also *Drinkard*, 281 Ga. at 217.

2. Next, we address Gable's argument that the trial court erred in denying his motion in limine to exclude the 911 call, CAD report, and testimony from officers referencing Gable's activities at Walmart the day before his arrest. We conclude that

6

any error by the trial court in permitting officers to testify about the reason they made contact with Gable at Walmart because it was not intrinsic evidence and not linked to the charged crimes was harmless.

"A trial court's ruling on a motion in limine is reviewed for abuse of discretion." *Carver v. State*, 324 Ga. App. 422, 423 (750 SE2d 735) (2013) (quotation marks omitted). "Even if a trial court does abuse its discretion in admitting evidence, that error warrants reversal only if it was harmful." *Samuels v. State*, 323 Ga. 629, 636(3) (926 SE2d 648) (2026) (quotation marks omitted).

> The test for determining nonconstitutional harmless error is whether it is highly probable that the error did not contribute to the verdict. In considering whether a trial court's error was harmful, we weigh the evidence as we would expect reasonable jurors to have done so, as opposed to assuming that they took the most pro-guilt possible view of every bit of evidence in the case.

Id. (quotation marks omitted).

Here, the officers reported to Walmart because they received a report that Gable was there to "look at young girls." The trial court determined the officers conduct, was not offered for the truth of the matter asserted, and was relevant for the purpose of explaining why officers contacted Gable at that point. The trial court found this information was relevant and intrinsic to the timeline. Putting aside whether this

7

determination was correct, given the overwhelming evidence of Gable's guilt of the charged crimes – specifically, his confession – it is highly probable that any error related to this evidence did not contribute to the verdict. See *Samuels*, 323 Ga. at 636(3).

3. Next we address Gable's argument that the trial court erred in permitting the State to introduce other acts of child molestation. We discern no error.

"We review the admission of other acts evidence under [OCGA § 24-4-414 ("Rule 414")] for abuse of discretion." *Dixon v. State*, 350 Ga. App. 211, 213(1) (828 SE2d 427) (2019).

"In a criminal proceeding in which the accused is accused of an offense of child molestation, evidence of the accused's commission of another offense of child molestation *shall be admissible* and may be considered for its bearing on *any matter* to which it is relevant." *Blevins v. State*, 343 Ga. App. 539, 541–42(1) (808 SE2d 740) (2017), overruled on other grounds by *McElrath v. State*, 308 Ga. 104, 112(2)(c) n.16 (839 SE2d 573) (2020) (quotation marks omitted). "OCGA § 24-4-414(a) creates a rule of inclusion, with a strong presumption in favor of admissibility, and the State can

seek to admit evidence under these provisions for any relevant purpose, including propensity." *Maner v. State*, 358 Ga. App. 21, 23(1) (852 SE2d 867) (2020).

*(a) 403 Balancing Test*

Gable first argues the trial court failed to conduct a 403 balancing test prior to admitting the other acts evidence.

"[E]vidence that is admissible under Rule 414 may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Brantley v. State*, 370 Ga. App. 757, 765(3) (899 SE2d 284) (2024) (quotation marks omitted) (applying the Rule 403 balacing test to Rule 414 evidence). "But Rule 403 is an extraordinary remedy which courts should invoke sparingly, and the balance should be struck in favor of admissibility." Id. "Absent some express showing that the trial court did not understand its obligation to conduct the balancing test, we will not read such error into the trial court's ruling. Moreover, there is no requirement that the court explicitly analyze the balancing test on the record." Id. at n.5.

Here, the trial court acted within its discretion to admit the other acts evidence under the 403 balancing test. At a pretrial hearing on February 28, 2022, the trial court

heard argument on the other acts evidence the State intended to present at trial. The other acts evidence consisted of three female family members of Gable's who stated Gable committed acts of child molestation against them when they were younger. The state proffered that S. K. would testify that when she was 13 years old, Gable touched her breasts under her clothes, touched her vaginal area over her clothes, would make her sit on his lap and fondle her breasts and grind into her bottom. K. J. would testify that when she was 12 or 13 years old, Gable touched her breasts over her clothes, touched her bottom over her clothes, and showed her cartoon-based incest pornography. A. J. would testify that when she was 9 or 10 years old, Gable made her perform oral sex on him, and he digitally penetrated her vagina numerous times.

Gable argues that the trial court failed to analyze the State's need for the other acts evidence and failed to consider the remoteness of the prior incidents. He further argues that the other acts were not similar to the charged crime. But, as described above, the trial court explicitly weighed the probative value and the prejudicial impact of the 414 evidence and determined the evidence was admissible. Although it need not be conducted on the record, here, the trial court did conduct the required 403 balancing test on the record. See *Brantley*, 370 Ga. App. at 765(3) n.5 (there is no

requirement that the court explicitly analyze the balancing test on the record). Gable's argument that the trial court did not conduct the 403 balancing test is without merit.

Furthermore, Gable's argument that the trial court erred in permitting the other acts evidence because it was not substantially similar to the charged offenses also fails.

Because trial counsel did not object to the other acts evidence on this basis, we review this argument under the plain-error standard. See OCGA § 24-1-103(d) (authorizing court to review unpreserved claims related to admission or exclusion of evidence for plain errors affecting substantial rights).

> To show plain error [Gable] must show that the trial court made an error that (1) was not affirmatively waived, (2) was clear and obvious, which generally means there must be on-point controlling authority or the unequivocally clear words of a statute or rule that plainly establish that the trial court erred, (3) likely affected the outcome of the trial, and (4) seriously affected the fairness, integrity, or public reputation of judicial proceedings.

*Dees v. State*, 322 Ga. 498, 500–01(2) (920 SE2d 626) (2025).

> [T]he trial court must make a common sense assessment of all the circumstances that may logically bear on the probative or prejudicial value of the evidence, including the need for the evidence, the overall similarity between the prior offenses of molestation and the charged conduct, and the temporal remoteness of the prior offenses.

*Wilson v. State*, 312 Ga. 174, 190-91(2) (860 SE2d 485) (2021).

Here, the other acts evidence consisted of acts of child molestation against younger children to whom Gable was related, and the charged offense was also an act of child molestation against a younger child to whom Gable was related. There was sufficient similarity between the prior acts and the charged acts to allow for the admission of the evidence regarding the prior acts. *Green v. State*, 359 Ga. App. 845, 851(3) (860 SE2d 140) (2021) (sufficient similarity between charged acts and prior acts where alleged offenses were committed against children in defendant's care). Gable cannot show that the trial court committed plain and obvious error by failing to exclude the other acts evidence because they were not sufficiently similar to the charged acts.

The trial court evaluated the evidence under 403 balancing test, found the evidence was relevant and the probative value was high. As discussed above, "OCGA § 24-4-414(a) creates a rule of inclusion, with a strong presumption in favor of admissibility, and the State can seek to admit evidence under these provisions for any relevant purpose, including propensity." *Maner*, 358 Ga. App. at 23(1). And, "[w]hen the defendant seeks to attack a victim's credibility, the State has an increased need to

introduce evidence of prior acts." *Brantley*, 370 Ga. App. at 765(3). Accordingly, we

discern no abuse of discretion in the trial court's decision to admit this evidence.

*(b) Timeliness and Sufficiency of 414 Notice*

Next, Gable argues the 414 notice was untimely and deficient.

> In a proceeding in which the state intends to offer evidence under this Code section, the prosecuting attorney shall disclose the evidence to the accused, including statements of witnesses or a summary of the substance of any testimony that the prosecuting attorney expects to offer, at least ten days in advance of trial, unless the time is shortened or lengthened or pretrial notice is excused by the judge upon good cause shown.

OCGA § 24-4-414(b).

The language in OCGA § 24-4-414(b) permitting a shortened pretrial

notice "upon good cause shown," mirrors the language in OCGA § 24-4-

404(b), permitting the trial court to excuse pretrial notice "upon good cause

shown." In *Jones v. State*, 329 Ga. App. 478, 480(2) (765 SE2d 657) (2014),

Jones was charged with committing an armed robbery. Seven days prior to trial,

the State provided notice that it intended to admit similar transaction evidence

under OCGA § 24-4-404. Id. The trial court shortened the time required for

notice, finding Jones would not be harmed by similar transaction evidence since

13

Jones' counsel represented him in the prior armed robbery case and thus, would not be surprised by any of the information associated with the similar transaction. Id.

Here, the trial court determined the State showed good cause to shorten the length of pretrial notice to less than the ten days required. Jury selection began on February 28, 2022, and the trial began on March 1, 2022. At the pretrial hearing on February 28, 2022, the State argued it first learned of Rule 414 witness, S. K., during the initial law enforcement investigation. The State provided notice to Gable on February 7, 2022, that it intended to call S. K. as a Rule 414 witness but did not include any witness statements or summary of S. K.'s anticipated testimony because the State had not had an opportunity to talk with S. K. On February 18, 2022, the State obtained Gable's juvenile records from Kentucky, which revealed the identity of additional Rule 414 witnesses, A. J. and R. J. On February 21, 2022, the state interviewed S. K. for the first time and an additional Rule 414 witness, D. J. On that same date, the State filed notice of the intent to introduce D. J.'s testimony as Rule 414 evidence, and the next day, February 22, 2022, the State served Gable with the

14

summaries of the statements of S. K. and D. J. During the interview with S. K. and D. J., the State learned more about A. J. and R. J. and included them in the February 21, 2022 Rule 414 witness disclosure as well, although without any statement summaries. On February 27, 2022, the State provided Gable with the summary of A. J.'s statement. [4]

The State asserted the delay in providing notice was because the witnesses were traumatized by Gable, were not eager to communicate with the State's investigators, and not interested in testifying or seeing Gable, and thus it was difficult for the State to arrange interviews with the witnesses. Further, the State showed the Rule 414 witnesses were young (S. K. was a minor), "transient," low income, and had been abandoned by their parents who had also stopped communicating with the State, again making it difficult for the State to interview the Rule 414 witnesses.

The trial court found that, for these reasons, the State showed good cause for the trial court to shorten the notice period to less than ten days under Rule 414. The trial court determined that once the State had the Rule 414

---

[4] R. J. did not testify at trial.

information, it communicated it to Gable in a timely manner. Further, some of the delay was attributed to gathering information from the Kentucky juvenile records which required a court order.

We also note that Gable was not showed that he was harmed by the shortened notice period. At the motion for new trial hearing, trial counsel testified, "I was probably aware of those issues before the State was aware of those issues." And, "I was prepared for the 414 issue … Mr. Gable and I had numerous conversations regarding that information." We discern no abuse of discretion in the trial court's decision to shorten the notice period for the Rule 414 evidence.

4. Finally, Gable argues that the special conditions of probation that were imposed regarding sexually oriented material, 900 numbers, and renting a post office box must be vacated because they are vague and overly broad. The State concedes the conditions related to sexually oriented material and 900 numbers must be vacated and the case be remanded for resentencing, but it argues that the prohibition on renting a post office box without first obtaining written permission from his probation officer is a valid special condition of probation.

16

The special conditions of Gable's probation provide:

8. **Sexually oriented material.** You shall not possess or subscribe to any sexually oriented or sexually stimulating material to include mail, computer or television, nor patronize any place where such material or entertainment is available.

9. **900 Numbers and Post Office Boxes.** You shall not utilize 900 telephone numbers neither shall you rent a post office box without prior written permission from your Community Supervision Officer.

In *Bryan v. State*, 371 Ga. App. 769, 780-82(5) (903 SE2d 160) (2024) (physical precedent only), this Court addressed special conditions of probation containing identical language as that in Gable's sentence. We explained that although a trial court

has broad discretion in sentencing to impose conditions reasonably related to the nature and circumstances of the offense and rehabilitative goals of probation[,] ... such conditions must be stated with reasonable specificity to afford the probationer notice of the groups and places he must avoid. And the conditions must not be so broadly worded as to encompass groups and places not rationally related to the purpose of the sentencing objective.

Id. at 779–80(5). Therefore, we vacated the special conditions related to sexually oriented material and 900 numbers but affirmed the portion of the

17

special condition which required written permission from his probation officer to rent a post office box. Id. at 781-82(5).

Here, we also vacate Gable's special conditions of probation regarding sexually oriented material and 900 numbers. See *Bryan*, 371 Ga. App. at 781(5). But, we find no merit in the contention that prohibiting Gable from renting a post office box without written permission from his probation officer is overbroad or vague. Id. at 781-82(5).

In summary, we affirm Gable's convictions, vacate the special conditions of probation related to sexually oriented material and 900 numbers, and remand this case to the trial court for resentencing.

*Judgment affirmed in part and vacated in part and case remanded for resentencing. Doyle, P. J., and Senior Judge C. Andrew Fuller concur.*